IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG ELECTRONICS CO., LTD.<br><br>*Defendants.* | Civil Action No 2:17-cv-572-JRG<br><br>**JURY TRIAL DEMANDED** |

**IMMERSION AND SAMSUNG'S
JOINT MOTION FOR LEAVE TO AMEND
INFRINGEMENT CONTENTIONS AND INVALIDITY CONTENTIONS**

All parties respectfully file this Unopposed Motion for Leave to Amend Infringement Contentions and Invalidity Contentions, and would show as follows:

This is a five-patent case. Pursuant to Patent Rule 3-1, Immersion served its infringement contentions on November 14, 2017. But on February 19, 2018, when finalizing responses to Samsung's interrogatories, Immersion learned that it had inadvertently omitted claims 8, 9, and 11 of U.S. Patent No. 9,323,332 ("the '332 patent") from its infringement contentions.[1] Immersion informed Samsung the next day, and provided Samsung with infringement charts for the three inadvertently omitted patent claims two days after that. During a March 13, 2018 meet and confer, Samsung's counsel agreed that Immersion could supplement its infringement

---

[1] The parties and the Court have known since the outset of the case that claim 11 of the '332 patent would be asserted. Immersion identified claim 11 in its Complaint as a representative asserted claim for the '332 patent, and devoted more than a page to explaining how Samsung's Galaxy S8 product infringed that claim. (Dkt. No. 1 at ¶ 52.)

1

contentions to include these three claims and stated it would not oppose this motion. After this amendment, Immersion confirms that it will not seek to assert additional claims from the five patents in this case.

Under Patent Rule 3-6(b), the Court may permit supplementation of infringement contentions upon a showing of good cause. The moving party's diligence is relevant to good cause. *See Intellectual Ventures II LLC v. Fedex Corp.*, No. 2:16-CV-00980-JRG, 2017 U.S. Dist. LEXIS 176818, at *5 (E.D. Tex. Oct. 25, 2017). Other considerations include: (1) the reason for the party's failure to meet the deadline; (2) the importance of what the Court would be excluding if it denied supplementation; (3) the potential prejudice to the non-movant, if the Court permitted supplementation; and (4) whether a continuance might cure any prejudice. *See Nidec Corp v. LG Innotek Co.*, No. 6:07-CV-108, 2009 U.S. Dist. LEXIS 106667, at *4 (E.D. Tex., Sept. 2, 2009).

Good cause exists to allow Immersion to amend its contentions to add the three inadvertently omitted '332 patent claims. The omission of the claims from Immersion's infringement contentions was inadvertent. Immersion acted diligently and expeditiously in notifying Samsung about the omission as soon as it was discovered, and in quickly providing complete infringement claim charts for the claims. Courts routinely allow amendment or supplementation "when the movant made an honest mistake" and "the request to amend did not appear to be motivated by gamesmanship." *Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-630, 2012 U.S. Dist. LEXIS 163739, *24-25 (N.D. Cal. Nov. 15, 2012); *see also Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178-JRG, 2014 WL 12599218, at *1-2 (E.D. Tex. Apr. 29, 2014) (allowing amendments that related to "inadvertent" omissions and that resulted from an "unintended clerical error"). That is the case here.

It is important to allow Immersion to assert the three claims in this case, so the complete dispute between the parties can be adjudicated.  In view of the relatively early stage of this case, and Samsung's agreement not to oppose the amendment, prejudice is not a concern.  The claim construction process does not begin for another month (on April 11, 2018), fact discovery does not close for another six months (on September 7, 2018), and trial is almost a year away (on February 19, 2019).  *See Apple*, 2012 U.S. Dist. LEXIS 163739, *24-25 ("ample time left in discovery" supports allowing amendment).

Immersion understands that its amendment will necessitate Samsung's amendment of its invalidity contentions to address any and all changes to Immersion's infringement contentions.  Immersion agrees that, in responding to Immersion's amended infringement contentions, corresponding good cause exists for Samsung to amend its invalidity contentions to address the amendments to Immersion's infringement contentions.

For the foregoing reasons, the parties ask that the Court grant them leave to supplement Immersion's infringement contentions to include the assertion of claims 8, 9, and 11 of the '332 patent and for Samsung to supplement its invalidity contentions by April 30, 2018 to address any and all changes to Immersion's infringement contentions.

Dated: March 21, 2018											Respectfully submitted,

/s/ *Marc David Peters*
Marc David Peters (CA SBN 211725)
Bryan Wilson (CA SBN 138842)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
BWilson@mofo.com
MDPeters@mofo.com

Richard S. J. Hung (CA SBN 197425)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7602
Facsimile: (415) 276-7334
rhung@mofo.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire A. Henry
Texas Bar No. 24053063
Andrea L. Fair
State Bar No. 24078488
**WARD, SMITH &HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: 903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Attorneys for Plaintiff*
*Immersion Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 21st day of March, 2018.

/s/ *Marc David Peters*
Marc David Peters