# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| **IMMERSION CORPORATION,** | |
| **Plaintiff,** | Case No. 2:17-cv-00572-JRG (LEAD CASE) |
| **v.** | Case No. 2:18-cv-00055-JRG |
| **SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### THE SAMSUNG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT THE '720 AND '181 PATENTS' CERTIFICATES OF CORRECTION REGARDING CHAIN OF PRIORITY ARE INVALID

## **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF THE ISSUE TO BE DECIDED ..................................................... 2

III.  STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................. 2

IV.  LEGAL STANDARD .................................................................................................. 4

V.  ARGUMENT .............................................................................................................. 5

   A.  The Proposed Changes Were Not of Clerical or Typographical Nature Nor of Minor Character ................................................................................................................... 6

   B.  Immersion Failed to Show that the Supposed Mistake Occurred in Good Faith ............. 9

   C.  The Proposed Changes Would Require Re-Examination ............................................... 12

VI.  CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  No. 2:07-CV-468-BAB, 2009 WL 4670942 (E.D. Tex. Sept. 18, 2009) ............................4, 5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)...........................................................................................................5

*B. Braun Melsungen AG v. Becton, Dickinson & Co.*,
  No. 1:16-CV-411-RGA, 2017 WL 2531939 (D. Del. June 9, 2017).......................................8

*Carotek v. Kobayashi Ventures*,
  875 F. Supp. 2d 313 (S.D.N.Y. 2012)...................................................................................8

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)...........................................................................................................5

*Fina Tech. v. Ewen*,
  265 F.3d 1325 (Fed. Cir. 2001)...........................................................................................7

*KangaROOS U.S.A., Inc. v. Caldor, Inc.*,
  778 F.2d 1571, 228 U.S.P.Q. 32 (Fed. Cir. 1985) ...............................................................12

*Lucent Techs., Inc. v. Microsoft Corp.*,
  544 F. Supp. 2d 1080 (S.D. Cal. 2008)................................................................................7

*In re Marshall*,
  1998 WL 35180967 (Comm'r Pat. Sept. 17, 1998)..............................................................8

*Nilssen v. Osram Sylvania, Inc.*,
  504 F.3d 1223 (Fed. Cir. 2007)..................................................................................6, 7, 12

*In re Patent No. 4,346,116*,
  1998 WL 35180968 (Comm'r Pat. Sept. 14, 1998)..............................................................8

*In re Patent No. 4,818,816*,
  1996 WL 34399740 (Comm'r Pat. May 31, 1996)................................................................8

*Pfizer v. Teva Pharm. U.S.A.*,
  882 F. Supp. 2d 643 (D. Del. 2012).....................................................................................8

*Simmons, Inc. v. Bombardier Inc.*,
  328 F. Supp. 2d 1188 (D. Utah 2004)..................................................................................6

*Superior Fireplace Co. v. Majestic Prod. Co.*,
　270 F.3d 1358 (Fed. Cir. 2001)...........................................................................................4, 5

*Word to Info v. Google*,
　140 F. Supp. 3d 986 (N.D. Cal. 2015) ...................................................................................8

**LIST OF EXHIBITS**

| Exhibit | Description |
|---|---|
| A | U.S. Patent No. 6,429,846 ("'846 Pat."), including, at the end, Certificate of Correction to the '846 Patent Issued by the PTO on May 8, 2012 ("5/8/2012 CoC") and Certificate of Correction Changing the Priority Date of the '846 Patent Issued by the PTO on January 24, 2017 ("'846 CoC") |
| B | U.S. Patent No. 7,982,720 ("'720 Pat."), including, at the end, Certificate of Correction to the '720 Patent Issued by the PTO on October 25, 2011 ("10/25/2011 CoC") and Certificate of Correction Changing the Priority Date of the '720 Patent Issued by the PTO on May 9, 2017 ("'720 CoC") |
| C | U.S. Patent No. 8,031,181 ("'181 Pat."), including, at the end, Certificate of Correction Changing the Priority Date of the '846 Patent Issued by the PTO on March 28, 2017 ("'181 CoC") |
| D | Immersion's Complaint Filed on February 7, 2012 in the ITC ("337-TA-834 ITC Compl.") |
| E | Immersions' Notice of Patent Priority Dates Filed on May 29, 2012 in the 337-TA-834 Investigation ("337-TA-834 Not. Of Patent Priority Dates") |
| F | Immersion's Motion to Amend its Notice of Patent Priority Dates Filed on September 26, 2012 in the 337-TA-834 Investigation ("337-TA-834 Mot. To Amend") |
| G | Immersion's Request for Certificate of Correction to the '846 Patent Filed on March 12, 2012 ("3/12/2012 CoC Request (for 846)") |
| H | Immersion's Request for Certificate of Correction to Change the Priority Date of the '846 Patent Filed on November 15, 2016 ("'846 CoC Request") |
| I | Immersion's Request for Certificate of Correction to the '720 Patent Filed on September 22, 2011 ("9/22/2011 CoC Request (for 720)") |
| J | Immersion's Request for Certificate of Correction to Change the Priority Date of the '720 Patent Filed on December 22, 2016 ("'720 CoC Request") |
| K | Immersion's Request for Certificate of Correction to Change the Priority Date of the '181 Patent Filed on December 21, 2016 ("'181 CoC Request") |
| L | Announcement of Immersion's Settlement and License Agreement with HTC |
| M | Announcement of Immersion's Settlement and License Agreement Announcement with Google and Motorola |

| Exhibit | Description |
|---------|-------------|
| N | HTC's Request for Ex Parte Reexamination against the '720 Patent Filed in the PTO on September 10, 2012 ("9/10/2012 HTC Reexam Request") |
| O | Dr. Wolfe's Invalidity Report |
| P | IPR Invalidity Declaration on the '720 Patent |
| Q | IPR Invalidity Declaration on the '181 Patent |

Pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56, Defendants Samsung Electronics

America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") hereby file this

summary judgment motion to invalidate the certificates of correction that changed the priority

dates of U.S. Patents Nos. 7,982,720 and 8,031,181, and thereby improperly extended their terms.

## I.     INTRODUCTION

Resolution of this motion is not a close call.  The corrections lengthening the patents'

expiration dates are a major change to the patentee's substantive rights, and thus should not have

been granted in the first place.  35 U.S.C. § 255 allows for certificates of correction to be issued

for an applicant's "mistake of a clerical or typographical nature, or of minor character," as long as

such mistakes were made in "good faith" and do not require patent reexamination.  But the

certificates granted for the '720 and '181 patents should be invalidated because the errors

corrected (1) were not clerical, typographical, nor minor; (2) were not made in good faith; and (3)

require the patents to be reexamined.  Each of these factors is an independent reason to find the

'720 and '181 patent certificates of correction invalid.

Moving the priority date forward allows a patentee to avoid potentially invalidating prior

art during prosecution and later extend the life of the patent.  Here, Immersion avoided prior art at

prosecution and now stands to gain a potential increase in legal damages.  Relatedly, the extended

delay between the error's origination and eventual correction, as well as intervening lawsuits,

licensing, and prosecution that should reasonably have given notice to the purported errors, raises

doubts about whether the mistakes were made in good faith.  Finally, the corrections call for the

patents to be reexamined.  Before this type of correction could properly issue, potentially

invalidating prior art that the PTO did not review during prosecution (here, one and a half years'

worth) must be considered.

Allowing such corrections is unfair to Samsung, gives a windfall to patentees, and turns a blind eye to the prejudicial impact on the public at large.  This Court should not permit this misuse of certificates of correction, and therefore prevent harm to the public from patent term confusion.  Samsung thus respectfully requests that its motion be granted and that the Court deem the priority date of each of the '720 and '181 patents to be June 23, 1998, and that the expiration date of each patent be based on the same.

## II.    STATEMENT OF THE ISSUE TO BE DECIDED

Whether the certificates of correction changing the priority dates for the '720 and '181 patents to a later date are invalid?

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

Samsung contends that there is no genuine issue as to these facts, and is entitled to summary judgment as a matter of law.

1.      U.S. Patent No. 6,429,846 ("the '846 patent") was filed on January 19, 2000 and issued on August 6, 2002.  (Ex. A ('846 Pat.) at IMMR_SEC0002882.)

2.      U.S. Patent No. 7,982,720 ("the '720 patent"), a third generation continuation of the '846 patent, was filed on November 15, 2007 and issued on July 19, 2011.  (Ex. B ('720 Pat.) at IMMR_SEC0002952.)

3.      U.S. Patent No. 8,031,181 ("the '181 patent"), a third generation continuation of the '846 patent, was filed on October 30, 2007 and issued on October 4, 2011.  (Ex. C ('181 Pat.) at IMMR_SEC0002983.)

4.      On February 7, 2012, Immersion filed a complaint with the International Trade Commission accusing HTC and Motorola of infringement of certain patents, including the '720 and '181 patents.  (Ex. D (337-TA-834 ITC Compl.).)

5.      On May 29, 2012, under the applicable rules, Immersion submitted to the ITC a
Notice of Patent Priority Dates stating that each asserted claim of the '720 and '181 patents is
entitled to a priority date of June 23, 1998.  (Ex. E (337-TA-834 Not. Of Priority Dates).)
Subsequently, on September 26, 2012, Immersion moved to amend that notice to change the
priority dates for the '720 and '181 patents to January 19, 2000.  (Ex. F (337-TA-834 Mot. To
Amend) at 1–2.)

6.      Immersion filed a Request for a Certificate of Correction (CoC Request) for the
'846 patent with the PTO on March 12, 2012 to correct errors in the claims printed in the issued
patent.  (Ex. G (3/12/2012 CoC Request).)  The PTO issued the requested certificate of correction
to the '846 patent on May 8, 2012.  (Ex. A (5/8/2012 CoC) at IMMR_SEC0002901–2904.)

7.      On November 15, 2016, Immersion filed a CoC Request with the PTO to correct
the priority date of the '846 patent from June 23, 1998 to December 17, 1999.  (Ex. H ('846 CoC
Request).)  That request faulted the PTO for the incorrect priority data.  (*Id.*)  The PTO issued the
requested certificate of correction to the '846 patent on January 24, 2017.  (Ex. A ('846 CoC) at
IMMR_SEC0002906.)

8.      On September 22, 2011, Immersion filed a CoC Request with the PTO to correct
typos in the specification of the '720 patent.  (Ex. I (9/22/2011 CoC Request).)  The PTO issued
the requested certificate of correction to the '720 patent on October 25, 2011.  (Ex. B (10/25/2011
CoC) at IMMR_SEC0002973–2975.)

9.      On December 22, 2016, Immersion filed a CoC Request with the PTO to correct
the priority date of the '720 patent from June 23, 1998 to December 17, 1999.  (Ex. J ('720 CoC
Request).)  In that request, Immersion admitted that the priority data error was made by its own
mistake.  (*Id.* at IMMR_SEC0005656 (stating the "error was carried on throughout the

prosecution by all the attorneys associated with the prosecution of the '720 patent").)  The PTO

issued the requested certificate of correction to the '720 patent on May 9, 2017.  (Ex. B ('720

CoC) at IMMR_SEC0002976.)

10.     Immersion filed a CoC Request with the PTO on December 21, 2016 to correct

the priority date of the '181 patent from June 23, 1998 to December 17, 1999.  (Ex. K ('181 CoC

Request).)  In that request, Immersion admitted that the priority data error was made by its own

mistake.  (*Id.* at IMMR_SEC0004680 (stating the "error was carried on throughout the

prosecution by all the attorneys associated with the prosecution of the '181 patent").)  The PTO

issued the requested certificate of correction to the '181 patent on March 28, 2017.  (Ex. C ('181

CoC) at IMMR_SEC0003004.)

## IV.     LEGAL STANDARD

35 U.S.C. § 255 permits patentees to correct errors of a typographical nature or errors of

minor character through the certificate of correction process when they were not the PTO's fault:

> Whenever a mistake of a clerical or typographical nature, or of minor
> character, which was not the fault of the Patent and Trademark
> Office, appears in a patent and a showing has been made that such
> mistake occurred in good faith, the Director may, upon payment of
> the required fee, issue a certificate of correction, if the correction
> does not involve such changes in the patent as would constitute new
> matter or would require re-examination. Such patent, together with
> the certificate, shall have the same effect and operation in law on the
> trial of actions for causes thereafter arising as if the same had been
> originally issued in such corrected form.

Specifically, § 255 requires, *inter alia*, that three specific and separate requirements be met prior

to the issuance of a Certificate of Correction: (1) the mistake is of a clerical or typographical

nature, or of minor character, (2) the mistake occurred in good faith, and (3) the correction must

not involve changes that would constitute new matter or require reexamination.  *See Superior*

*Fireplace Co. v. Majestic Prod. Co.*, 270 F.3d 1358, 1373–76 (Fed. Cir. 2001); *Advanced Tech.*

*Incubator, Inc. v. Sharp Corp.*, No. 2:07-CV-468-BAB, 2009 WL 4670942, at *3 (E.D. Tex. Sept. 18, 2009).

Whether a certificate of correction is invalid is a question that may be resolved by a court through summary judgment. *See, e.g.*, *Superior Fireplace*, 270 F.3d at 1373–76 (affirming a summary judgment invalidating a certificate of correction because the corrected mistake was not clerical or typographical in nature, nor of a minor character); *Advanced Tech. Incubator*, 2009 WL 4670942, at *2 ("The determination of whether a certificate of correction is invalid is a question that may be resolved on summary judgment.").

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

## V.    ARGUMENT

The undisputed record here establishes that Immersion cannot satisfy any prong of the three-part test for correction. First, the requested corrections to the priority dates of the '720 and '181 patents are major changes because they extended the patents' terms by 1.5 years. Second, the priority date errors indicate a lack of good faith because the extended delay between the error's origination and eventual correction, as well as intervening lawsuits, licensing, and

prosecution, raises sufficient doubts about the good faith claim.  Third, the changes require re-examination by the PTO because it lacked adequate opportunity to review pertinent prior art from between the earlier priority date and the corrected later priority date.  Therefore, the certificates of correction to the '720 and '181 patents are invalid under 35 U.S.C. § 255 as a matter of law and summary judgment is proper.

### A.     The Proposed Changes Were Not of Clerical or Typographical Nature Nor of Minor Character

Changing the priority dates of the '720 and '181 patents to a later date alters the substantive rights conveyed by the patents.  *See Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223, 1233 (Fed. Cir. 2007) ("A claim for priority is inherently material to patentability because a priority date may determine validity . . . ."); *Simmons, Inc. v. Bombardier Inc.*, 328 F. Supp. 2d 1188, 1202 (D. Utah 2004) (refusing to correct an error in the priority claim of a patent because "correcting the error . . . would be a substantial revision of [the] patent").  Such changes cannot reasonably fall within the limits of 35 U.S.C. § 255, which only allows correction of "a mistake of a clerical or typographical nature, or of minor character."

Immersion's CoC Requests admit that the '720 and '181 patents were issued in 2011 with erroneous priority dates, which Immersion sought to correct over five years later in 2016:

| '720 Correction | '181 Correction |
|---|---|
| Continuation of application No. 11/ 805,609, filed on May 23, 2007, which is a continuation of application No. 10/213,940, filed on Aug. 6, 2002, now Pat. No. 7,148,875, which is a continuation of application No. 09/487,737, filed on Jan. 19, 2000, now Pat. No. 6,429,846, which is a continuation-in-part of application No. 09/467,309, filed on **Dec. 17, 1999**, now Pat. No. 6,563,487, ~~which is a continuation-in-part of application No. 09/253,132, filed on Feb. 18, 1999, now Pat. No. 6,243,078, which is a continuation-in-part of application No.~~ | Continuation of application No. 11/405,811, filed on Apr. 17, 2006, now Pat. No. 7,592,999, which is a continuation of application No. 10/213,940, filed on Aug. 6, 2002, now Pat. No. 7,148,875, which is a continuation of application No. 09/487,737, filed on Jan. 19, 2000, now Pat. No. 6,429,846, which is a continuation-in-part of application No. 09/467,309, filed on **Dec. 17, 1999**, now Pat. No. 6,563,487, ~~which is a continuation-in-part of application No. 09/253,132, filed on Feb. 18, 1999, now Pat. No. 6,243,078, which is a~~ |

| | |
|---|---|
| 09/156,802, filed on Sep. 17, 1998, now Pat. No. 6,184,868, which is a continuation-in-part of application No. 09/103,281, filed on Jun. 23, 1998, now Pat. No. 6,088,019. | continuation-in-part of application No. 09/156,802, filed on Sep. 17, 1998, now Pat. No. 6,184,868, which is a continuation-in-part of application No. 09/103,281, filed on Jun. 23, 1998, now Pat. No. 6,088,019. |

(*See* Ex. J ('720 CoC Request) at IMMR_SEC0005652; Ex. K ('181 CoC Request) at IMMR_SEC0004676.)

Regardless of intent, the correction advanced the priority date of the '720 and '181 patents from June 23, 1998 to December 17, 1999, which extends the patents' terms by approximately 1.5 years. As a result, Immersion expanded its substantive patent rights, including the potential for larger damages awards, despite the advantages it reaped during prosecution. Indeed, Immersion seeks an additional sum that accrues for the additional patent life in the present case.

Beyond the current dispute, allowing a party to change the expiration date of a patent years after issuance undermines the public notice function of the priority data on the patent. As such, a correction lengthening a patent's expiration date cannot be reasonably characterized as one of clerical nature or minor character. This is consistent with the Federal Circuit's narrow interpretation of Section 255. *See, e.g.*, *Fina Tech. v. Ewen*, 265 F.3d 1325, 1328 (Fed. Cir. 2001) ("Examples of mistakes that fall under § 255 typically include correcting a misspelled word or adding a prior art reference that was submitted to and discussed by the examiner but inadvertently omitted . . . ."); *Nilssen*, 504 F.3d at 1233 ("A claim for priority is inherently material to patentability because a priority date may determine validity . . . ."). Other courts and the PTO also hold similarly that a correction is not minor "if the requested change would materially affect the scope or meaning of the patent." MPEP § 1481 at 1400–93; *see also Lucent Techs., Inc. v. Microsoft Corp.*, 544 F. Supp. 2d 1080, 1103 (S.D. Cal. 2008) ("35 U.S.C. § 255 [does] not authorize changes to a patent's scope . . . .").

Absent binding case law applicable to the present issue,[1] the PTO's long-standing practice is instructive here.  The PTO has traditionally disallowed a certificate of correction that would lengthen a patent's term.  *See, e.g.*, *In re Patent No. 4,818,816*, 1996 WL 34399740, at *4 (Comm'r Pat. May 31, 1996) (refusing to grant a certificate of correction for a terminal disclaimer under § 255, because it "involves altering the language concerning the expiration date"); *In re Patent No. 4,346,116*, 1998 WL 35180968, at *7 (Comm'r Pat. Sept. 14, 1998) (denying a request for correction under § 255 because including a specific expiration date is "not [a 'mistake'] of a clerical or typographical nature; rather correcting this 'mistake' would involve substantive change to the recorded terminal disclaimer of record"); *In re Marshall*, 1998 WL 35180967, at *11 (Comm'r Pat. Sept. 17, 1998) (same).

There appear to be a few district court decisions upholding changes to priority via certificates of correction.  *See, e.g.*, *B. Braun Melsungen AG v. Becton, Dickinson & Co.*, No. 1:16-CV-411-RGA, 2017 WL 2531939 (D. Del. June 9, 2017); *Word to Info v. Google*, 140 F. Supp. 3d 986, 996–97 (N.D. Cal. 2015); *Pfizer v. Teva Pharm. U.S.A.*, 882 F. Supp. 2d 643 (D. Del. 2012); *Carotek v. Kobayashi Ventures*, 875 F. Supp. 2d 313 (S.D.N.Y. 2012).  However, these cases dealt only with situations where the patentees sought earlier priority dates in an effort to predate invalidating prior art.  None considered a scenario where, as here, the patentee moved the priority to a later date.  Thus, none of these courts considered the patentee's windfall in such a situation—benefitting from both an earlier priority date during prosecution and an extended period of patent rights—or the prejudicial impact on the public at large.

---

[1] Neither the Federal Circuit nor this Court has expressed its view on whether a change to priority resulting in an extended patent term is permitted under § 255.

### B.      Immersion Failed to Show that the Supposed Mistake Occurred in Good Faith

Immersion's lengthy delay in seeking corrections and inconsistent positions on the actual priority date of the '720 and '181 patents call into question whether Immersion's mistakes were made in good faith.  *See* 35 U.S.C. § 255 (requiring a showing to the PTO that the mistake being corrected "occurred in good faith").  Immersion's CoC Requests failed to include key details that prevented the PTO from making a full assessment of whether Immersion had acted in good faith, particularly given the long delay before the CoC Requests were filed.

In its CoC Requests, Immersion asserted that the mistakes in the '720 and '181 patents traced back to the PTO's mistake on the priority claim of the '846 patent, which is the parent of the '720 and '181 patents.  According to Immersion, the prosecuting attorneys for the '720 and '181 patents reused the erroneous priority information printed in the issued '846 patent, which was inconsistent with the inventor oath/declaration attached to the applications.  (Ex. J ('720 CoC Request) at IMMR_SEC0005656; Ex. K ('181 CoC Request) at IMMR_SEC0004680.)  Although the PTO granted the CoC Requests, as discussed below, Immersion failed to provide relevant details related to the litigation, licensing, and other activities in which it was engaged in connection with the '720 and '181 patents during the years prior to its CoC Requests.

Immersion was an active IP licensing company that should have known the underlying error at the time the '846 patent issued, back in 2002.  Even assuming the attorneys made mistakes in 2007 when the '720 and '181 patents were filed, Immersion had ample time to cure this error during the course of the four-year prosecution.  Thus, a simple inadvertency cannot account for Immersion's continuing delay of approximately five years from 2011 (when the '720 and '181 patents were issued) until late 2016.

|  | '846 Patent | '720 Patent | '181 Patent |
|---|---|---|---|
| **Filing date** | 01/19/2000 | 11/15/2007 | 10/30/2007 |

| Issue of patent | 08/06/2002 | 07/19/2011 | 10/04/2011 |
|---|---|---|---|
| **Request for CoC (deleting the priority chain in part)** | 11/15/2016 | 12/23/2016 | 12/21/2016 |
| **Issue of CoC** | 01/24/2017 | 05/09/2017 | 03/28/2017 |

(*See* Ex. A ('846 Pat.) at IMMR_SEC0002882, -2906; Ex. B ('720 Pat.) at IMMR_SEC0002952, -2976; Ex. C ('181 Pat.) at IMMR_SEC0002983, -3004; Ex. H ('846 CoC Request); Ex. J ('720 CoC Request); Ex. K ('181 CoC Request).)

Immersion's conduct related to an ITC Investigation further discredits any claim of a good faith mistake.  In February 2012, within a few months after the issuance of the '720 and '181 patents, Immersion asserted these patents, among others, against HTC and Motorola.  (Ex. D (337-TA-834 ITC Compl.).)  If Immersion was unaware of the priority errors before this, it likely learned of the errors from a pre-suit investigation.  Indeed, on September 22, 2011 (before filing the ITC complaint), Immersion requested a CoC from the PTO seeking to correct numerous typos in the specification of the '720 patent, presumably in preparation for the ITC action.  (Ex. I (9/22/2011 CoC Request) at IMMR_SEC0005619–5620.)  Nonetheless, in that same ITC matter, in September 2012, Immersion sought to change the priority dates of the '720 and '181 patents from June 23, 1998 to January 19, 2000 by a motion in which it stated "Immersion has concluded that January 19, 2000 is more strongly supported priority date for these patents."  (Ex. F (337-TA-834, Mot. To Amend) at 1–2).  Despite arguing priority error to the ITC, Immersion again waited to seek a correction from the PTO.  It is noteworthy that Immersion sought a different priority date, December 17, 1999, when it requested priority date corrections from the PTO four years later.  These differing positions taken by Immersion are indicative of a wait-and-see strategy.

Similarly, Immersion's approach to correcting the underlying priority error in the '846 patent raises further doubts about Immersion's good faith.  A month after initiating the ITC matter (where the '846 patent was also asserted), on March 12, 2012, Immersion filed a CoC Request to

correct errors in the issued claims of the '846 patent.  (Ex. G (3/12/2012 CoC Request) at IMMR_SEC0002269–2270 (stating the patent had "issued as if the Preliminary Amendment[, filed on June 14, 2001,] had not been entered.").)  Much later in 2016, Immersion filed another CoC Request to correct the underlying priority error.  (Ex. H ('846 CoC Request).)  After apparently having reviewed the '846 patent when it filed the first CoC Request in 2012, it is odd why Immersion did not also seek to correct the priority error contemporaneously.

In its CoC Requests to correct the priority dates of the '720 and '181 patents, Immersion admitted to having notice of the priority error in 2012 but attempted to attribute its delay in seeking the correction to a then-pending appeal involving a continuity issue that supposedly jeopardized the validity of the '720 and '181 patents.  (Ex. J ('720 CoC Request) at IMMR_SEC0005657; Ex. K ('181 CoC Request) at IMMR_SEC0004681.)  The credibility of this excuse is attenuated in view of Immersion's extensive licensing of the '720 and '181 patents between 2011 and 2016.  (*See, e.g.*, Ex. L (Announcement of Immersion's Settlement and License Agreement with HTC); Ex. M (Announcement of Immersion's Settlement and License Agreement with Google and Motorola).)  If Immersion was concerned about the validity of the '720 and '181 patents, such licensing should have been on hold for the same reasons.  Rather, Immersion waited to request certificates of correction until 2016, thereby continuing to benefit from the earlier priority date for four more years, including during licensing negotiations.

This is an unusual case where the patentee was granted CoCs to push the priority dates *forward*, rather than backward.  If this circumvention of the usual patenting process is tolerated, patentees would be incentivized to initially claim (or not correct errors of) an earlier priority date during prosecution, then later extend the patent term by moving the priority date forward, in contravention of patent policy and the public interest. In particular, where a patentee has notice of

relevant prior art that would intervene between the erroneous (earlier) and corrected (later) priority dates but fails to alert the PTO at the time of requesting the correction, such conduct would also contravene the patentee's general duty of candor and good faith owed to the PTO.  37 C.F.R. § 1.56(a) (including "a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section"); *see also KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1576, 228 U.S.P.Q. 32 (Fed. Cir. 1985) ("[L]apse on the part of the examiner does not excuse the applicant. . . .  [T]his duty is not done by one who knowingly takes advantage of an error by the PTO.").

### C.    The Proposed Changes Would Require Re-Examination

Immersion's attempt to change priority by certificates of correction is improper for the independent reason that the proposed changes would require re-examination.  *See* 35 U.S.C. § 255 (a correction must "not involve such changes in the patent as . . . would require re-examination"). Due to the erroneous (earlier) priority claims to an earlier date, the PTO lacked adequate opportunities to properly examine the applications that matured into the '720 and '181 patents. *See Nilssen*, 504 F.3d at 1233 ("A claim for priority is inherently material to patentability because a priority date may determine validity.").  Accordingly, the patents require re-examination.

The '720 and '181 patents each issued with a priority claim to June 23, 1998.  (Ex. B ('720 Pat.) at IMMR_SEC0002952; Ex. C ('181 Pat.) at IMMR_SEC0002983.)  This error would have necessarily led the PTO to overlook pertinent prior art that arose between the earlier priority date (June 23, 1998) and the corrected priority date (December 17, 1999).  Notably, the list of prior art cited during prosecution by the examiner does not include any of such intervening prior art:

| '720 Patent[2] | '181 Patent |
|---|---|
| • U.S. Patent No. 5,736,978 to Hasser et al. (filed May 26, 1995 and issued Apr. 7, 1998) <br>• U.S. Patent No. 5,973,670 to Barber et al. (filed December 31, 1996 and issued Oct. 26, 1999) <br>• U.S. Patent No. 6,118,435 to Fujita el al. (filed Apr. 8, 1998 and issued Sep. 12, 2000) | • U.S. Patent No. 5,748,185 to Stephan et al. (filed Jul. 3, 1998 and issued May 5, 1998) <br>• U.S. Patent No. 6,118,435 to Fujita el al. (filed Apr. 8, 1998 and issued Sep. 12, 2000) <br>• U.S. Patent No. 6,262,174 to Findlay et al. (filed Dec. 16, 1994 and issued Jul. 17, 2001) |

(Ex. B ('720 Pat.) at IMMR_SEC0002952–2958 (the "References Cited" listing the prior art with a star mark); Ex. C ('181 Pat.) at IMMR_SEC0002983–2989 (same).)

More importantly, the PTO lacked an opportunity to substantively review such intervening prior art as U.S. Patent No. 6,757,002 to Oross to et al. (filed November 4, 1999) for the '720 and '181 patents. Oross is highly relevant in determining the validities of the patents, as demonstrated in the invalidity report by Samsung's technical expert, Dr. Wolfe for the present matter as well as in the invalidity declarations by Samsung's technical expert, Mr. Jean Renard Ward for the related IPRs. (Ex. O (Dr. Wolfe Invalidity Report) at 31; Ex. P (IPR Invalidity Declaration on '720 Pat.) at 9, 25–26; Ex. Q (IPR Invalidity Declaration on '181 Pat.) at 8, 27.)

Immersion itself acknowledged the existence of a number of potentially invalidating prior art references that emerged after June 23, 1998. In the 2012 ITC matter, Immersion decided not to challenge the qualification of a number of references included in the notice of prior art submitted by the opposing parties dated after June 23, 1998. (Ex. F (ITC 337-TA-834, Mot. To Amend) at 2 (acknowledging, as potentially invalidating art, 36 patents or patent applications and 12 non-patent articles that were publicly available after June 23, 1998); *id*. at 3 ("[t]he later

---

[2] For the '720 patent, the PTO only reviewed some intervening prior art references when HTC submitted a re-examination request (apparently in response to Immersion's ITC action) on September 10, 2012. (*See* Ex. N (9/10/2012 HTC Reexam Request) at 16–17.)

priority claim … may eliminate certain issues or disputes regarding the relevance and use of some of Respondents' prior art references.").)

## VI.     CONCLUSION

For the reasons above, this Court should grant summary judgement invalidating the certificates of correction changing the priority dates of the '720 and '181 patents, and order that the priority date of each of the '720 and '181 patents shall be June 23, 1998, and that the expiration date of each patent be based on the same.

Date: February 4, 2019                       Respectfully submitted,


By: */s/ Stephen A. Marshall*
    Ruffin B. Cordell
    TX Bar No. 04820550
    cordell@fr.com
    Michael J. McKeon
    DC Bar No. 459780
    mckeon@fr.com
    Indranil Mukerji
    MA Bar 644059
    mukerji@fr.com
    Stephen A. Marshall
    D.C. Bar No. 1012870
    Linhong Zhang
    DE Bar No. 5083
    lwzhang@fr.com
    **FISH & RICHARDSON P.C.**
    1000 Maine Avenue SW
    Suite 1000
    Washington, DC 20024
    Telephone: (202) 783-5070
    Facsimile: (202) 783-2331

    Leonard E. Davis
    TX Bar No. 05521600
    ldavis@fr.com
    Tom Gorham
    TX Bar No. 24012715
    gorham@fr.com
    **FISH & RICHARDSON P.C.**
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    Telephone: (214) 747-5070
    Facsimile: (214) 747-2091

    Frank J. Albert (*pro hac vice*)
    CA Bar No. 247741
    albert@fr.com
    **FISH & RICHARDSON P.C.**
    12390 El Camino Real
    San Diego, CA 92150
    Telephone: (858) 678-5070
    Facsimile: (858) 378-5099
    Tony Nguyen

TX Bar No. 24083565
nguyen@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Tel: 713-654-5300
Fax: 713-652-0109

Melissa Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934 – 8450
Facsimile: (903) 934-9257

COUNSEL FOR DEFENDANTS SAMSUNG
ELECTRONICS AMERICA, INC. AND
SAMSUNG ELECTRONICS CO., LTD.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 4, 2019

*Stephen A. Marshall*
Stephen A. Marshall