# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>　　　　　　*Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG ELECTRONICS CO., LTD.<br><br>　　　　　　*Defendants.* | Case No. 2:17-CV-00572-JRG<br>　LEAD CASE<br><br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

**IMMERSION'S MOTION TO STRIKE AN
UNDISCLOSED INVALIDITY THEORY AND PRIOR ART REFERENCE
<u>FROM EXPERT REPORT OF ANDREW WOLFE</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND FACTUAL BACKGROUND ................................................... 1

    A. Immersion's Infringement Contentions, Samsung's Invalidity Contentions, and the Court's Claim Construction Order ............................................................ 1

    B. Samsung Expert Dr. Wolfe's New Invalidity Theory Involving His Own Patent ................................................................................................................... 4

II. ARGUMENT AND AUTHORITIES ................................................................................ 6

    A. The Wolfe Report Contains a New Invalidity Theory, a New Reference, and a New Obviousness Combination Not Found In Samsung's Invalidity Contentions ........................................................................................................... 8

        1. Excluding the new arguments and evidence would not unfairly prejudice Defendants ..................................................................................... 10

        2. Defendants cannot justify their long delay ............................................... 11

        3. The importance of Samsung's belated theories and the availability of lesser sanctions ..................................................................................... 11

    B. Defendants Cannot Show Good Cause for a Late Amendment Now ................... 12

III. CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*LML Patent Corp. v. JPMorgan Chase & Co.*,
    No. 2:08-CV-448, 2011 U.S. Dist. LEXIS 128724 (E.D. Tex. Aug. 10, 2011) ........................7

*Nike, Inc. v. Adidas Am., Inc.*,
    479 F. Supp. 2d 664 (E.D. Tex. 2007) ......................................................................................6

*Realtime Data, LLC v. Packeteer, Inc.*,
    No. 6:08-cv-144-LED-JDL, 2009 U.S. Dist. LEXIS 114207 (E.D. Tex. Dec.
    8, 2009) ......................................................................................................................................7

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
    No. 9:06-CV-151, 2009 U.S. Dist. LEXIS 125379 (E.D. Tex. Mar. 30, 2009) ........6, 7, 10, 11

**Other Authorities**

Patent Local Rule 3-3(a) ..................................................................................................................2

Patent Local Rule 3-3(b) ..................................................................................................................6

Patent Local Rule 3-6 ................................................................................................................6, 12

Fed. R. Civ. P. § 16(f) .....................................................................................................................7

Almost a year after serving their original Invalidity Contentions, Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") introduced a new invalidity theory based on an undisclosed prior art reference and new obviousness combinations through the report of their technical expert Andrew Wolfe.  Plaintiff Immersion Corporation ("Immersion") asks that the Court strike all portions of Dr. Wolfe's report that incorporate or rely upon Samsung's new invalidity theory and new prior art reference and combinations and preclude Defendants from presenting related arguments and testimony at trial.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

    **A.     Immersion's Infringement Contentions, Samsung's Invalidity Contentions, and the Court's Claim Construction Order**

In its original Complaint, Immersion asserted five patents, including U.S. Patents 6,429,846, 7,982,720, and 8,031,181.  This motion will refer to these three patents as the "touch input" patents, as each claims touch input devices and touch screens that output position signals. Independent claim 1 of the '846 patent claims a "touch input device . . . operative to input a position signal to a processor of said computer based on a location on said touch surface which said user contacts, said position signal representing a location in two dimensions . . . ." Independent claim 10 of the '720 patent claims a "touch screen operative to output a first signal comprising coordinates of a contacted location on the touch screen . . . ."  Independent claim 1 of the '181 patent claims a "touch screen operative to display a graphical image and to output a position signal associated with cursor positioning . . . ."

Pursuant to the Court's Docket Control Order (Dkt. No. 27), Immersion served its Infringement Contentions for the "touch input" patents on November 14, 2017.  Samsung served its responsive Invalidity Contentions on January 23, 2018.  (Ex. 1, Samsung Invalidity

Contentions cover pleading.)  Samsung's contentions identified the "Prior Art Patents and Printed Publications for the '846, '720, and '181 Patents" under Patent Local Rule 3-3(a) (*id.* at 8-9) and included charts asserting that fifteen references, including the Stephan, Oross, Blouin, Fujita, and Beeks references, each anticipated the '846, '720, and '181 patents (*Id.* at 14-16, 18-23 & Exhibits IC-A1-A15, IC-C1-C15, IC-D1-D15).[1]

With respect to the claim elements at issue in this motion—a "touch input device . . . operative to input a position signal to a processor of said computer based on a location on said touch surface which said user contacts, said position signal representing a location in two dimensions" of claim 1 of the '846 patent, a "touch screen operative to output a first signal comprising coordinates of a contacted location on the touch screen" of claim 10 of the '720 patent, and a "touch screen operative to display a graphical image and to output a position signal associated with cursor positioning" of claim 1 of the '181 patent—the only charts that included a specific identification of another prior art reference for obviousness purposes were the '846, '720, and '181 charts for the Beeks reference (Exhibits IC-A1, IC-C1, and IC-D1) and the '846 chart for the Blouin reference (Exhibit IC-A2).  For these claim elements, the Beeks charts and the Blouin '846 chart referred to the Blouin, Donohue, Dynapro, Oross, Stephan, and Tsuji references.  (*See* Ex. IC-A1 at 3, 6; Ex. IC-C1 at 3; Ex. IC-D1 at 3; Ex. A2 at 6.)  But for these claim elements, the three Stephan, Oross, and Fujita charts and the two Blouin charts for the '720 and '181 patents did not specifically identify any other references that would be used in an obviousness combination.

---

[1] In this brief, citations to Samsung's Invalidity Contention charts are to the original exhibit number, with "IC-" as an added prefix.  Citations to the charts attached to Dr. Wolfe's invalidity report are to the original exhibit number, with "Wolfe-" as an added prefix.  We have reduced these exhibits to only the relevant portions with green highlighting where appropriate.  In the exhibits, green highlighting was added by Immersion for purposes of this motion; yellow highlighting was in the original document as prepared by Samsung or Dr. Wolfe.

Samsung's Invalidity Contentions did not identify U.S. Patent No. 6,037,930 to Wolfe as a prior art reference, either in the cover pleading or in any of the charts.

On February 22, 2018, Immersion amended its Infringement Contentions to include inadvertently omitted claims from U.S. Patent No. 9,323,332 (not one of the "touch input" patents). Samsung amended its Invalidity Contentions to respond to the additional '332 patent claims on April 30, 2018.

On June 18, 2018, following the Court's June 8, 2018 consolidation order (Dkt. No. 61), Immersion supplemented its Infringement Contentions with respect to U.S. Patent No. 8,619,051 (also not one of the "touch input" patents). On July 22, 2018, Samsung supplemented its Invalidity Contentions to respond to the '051 patent's infringement contentions.

On September 29, 2018, Immersion supplemented its infringement contentions to allege infringement by newly released Samsung smartphones, provide supplemental allegations regarding a particular feature present in certain Samsung smartphones (including the newly released products), and withdraw infringement allegations against other accused smartphones.

On October 16, 2016, the Court issued its claim construction memorandum and order, construing the disputed claim terms and adopting the parties' agreed constructions (Dkt. No. 81). The Court construed "touch input device" (from the '846 patent), "touch screen" (from the '720 and '181 patents), "outputting a force directly on said touch input device" (from the '846 patent), and "position signal representing a location" (from the '846 patent). In particular, "position signal representing a location" was construed to be "signal comprising coordinates of a location" per the agreement of the parties.

Following the Court's claim construction order, Immersion served updated Infringement Contentions on November 15, 2018.

Fact discovery subsequently closed on December 7, 2018. Samsung did not supplement its Invalidity Contentions in response to the Court's claim construction order or Immersion's following supplementation.

**B.     Samsung Expert Dr. Wolfe's New Invalidity Theory Involving His Own Patent**

The parties exchanged their opening expert reports on December 21, 2018. As part of this exchange, Samsung served the Expert Report of Dr. Andrew Wolfe, Ph.D. on the Invalidity of U.S. Patent Nos. 6,429,846, 7,982,720, 8,031,181, and 8,619,051 (attached as Exhibit 2).

Dr. Wolfe's invalidity report raised—for the first time—a new invalidity theory regarding the Stephan reference based on his *own* patent, U.S. Patent No. 6,037,930. For the "touch input" patents, Dr. Wolfe provided no opinion regarding anticipation. Instead, he opined that the "touch input" patents were obvious, explaining his opinion in charts that were attached to his report:

| Wolfe Chart | Asserted Obviousness Combination |
|---|---|
| 3A | "As set forth in more detail in the claim chart of Exhibit 3A, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Stephan in view of Oross." (Ex. 2, Wolfe Rpt. at ¶ 149.) |
| 3B | "As set forth in more detail in the claim chart of Exhibit 3B, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Blouin in view of Stephan." (Ex. 2, Wolfe Rpt. at ¶ 150.) |
| 3C | "As set forth in more detail in the claim chart of Exhibit 3C, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Fujita in view of Stephan." (Ex. 2, Wolfe Rpt. at ¶ 151.) |
| 3D | "As set forth in more detail in the claim chart of Exhibit 3D, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Beeks in view of Stephan." (Ex. 2, Wolfe Rpt. at ¶ 152.) |
| 4A | "As set forth in more detail in the claim chart of Exhibit 4A, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Stephan in view of Oross and Blouin." (Ex. 2, Wolfe Rpt. at ¶ 225.) |
| 4B | "As set forth in more detail in the claim chart of Exhibit 4B, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Blouin in view of Stephan." (Ex. 2, Wolfe Rpt. at ¶ 226.) |

| Wolfe Chart | Asserted Obviousness Combination |
|---|---|
| 4C | "As set forth in more detail in the claim chart of Exhibit 4C, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Fujita in view of Stephan and Blouin." (Ex. 2, Wolfe Rpt. at ¶ 227.) |
| 5A | "As set forth in more detail in the claim chart of Exhibit 5A, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Stephan in view of Oross and Blouin." (Ex. 2, Wolfe Rpt. at ¶ 304.) |
| 5B | "As set forth in more detail in the claim chart of Exhibit 5B, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Blouin in view of Stephan." (Ex. 2, Wolfe Rpt. at ¶ 305.) |
| 5C | "As set forth in more detail in the claim chart of Exhibit 5C, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Fujita in view of Stephan and Blouin." (Ex. 2, Wolfe Rpt. at ¶ 306.) |
| 5D | "As set forth in more detail in the claim chart of Exhibit 5D, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Beeks in view of Stephan and Blouin." (Ex. 2, Wolfe Rpt. at ¶ 307.) |

Every one of Dr. Wolfe's charts for the "touch input" patents involved the Stephan reference, and, except for those also including the Fujita reference, included this language with respect to Stephan and the claim elements at issue in this motion:[2]

> Moreover, a POSITA would have found it obvious based on knowledge of the field and common sense to substitute absolute coordinate reporting for relative coordinate reporting. This substitution was commonplace in the art at the time. It is discussed, for example, in my own patent, U.S. Patent 6,037,930, filed in 1984, which discusses but does not claim, both types of coordinate reporting.

(Wolfe Ex. 3A at 20, 33; Wolfe Ex. 3B at 9; Wolfe Ex. 3D at 19, 31; Wolfe Ex. 4A at 2; Wolfe Ex. 4B at 3; Wolfe Ex. 5A at 2; Wolfe Ex. 5B at 3; Wolfe Ex. 5D at 4.)   None of this language can be found in Samsung's Invalidity Contentions.  Dr. Wolfe's invalidity theory that it would have been obvious "to substitute absolute coordinate reporting for relative coordinate reporting"

---

[2] A "touch input device . . . operative to input a position signal to a processor of said computer based on a location on said touch surface which said user contacts, said position signal representing a location in two dimensions" of claim 1 of the '846 patent, a "touch screen operative to output a first signal comprising coordinates of a contacted location on the touch screen" of claim 10 of the '720 patent, and a "touch screen operative to display a graphical image and to output a position signal associated with cursor positioning" of claim 1 of the '181 patent.

in Stephan is not found in Samsung's Invalidity Contentions. Dr. Wolfe's patent cited in support of that theory, U.S. Patent No. 6,037,930, is not identified in Samsung's Invalidity Contentions.

## II.   ARGUMENT AND AUTHORITIES

Dr. Wolfe's opinion is based on an invalidity theory regarding a particular modification to the Stephan reference that is based on the Wolfe patent. Both the theory and the prior art reference were not disclosed in Samsung's Invalidity Contentions. Instead, they were disclosed for the first time in Dr. Wolfe's report. The new theory and the reference on which it depends should be struck, and Dr. Wolfe prohibited from presenting his opinion about them at trial.

The purpose of this District's Local Rules is to 'further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 U.S. Dist. LEXIS 125379, at *3 (E.D. Tex. Mar. 30, 2009) (citing *IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 U.S. Dist. LEXIS 10934, at *3 (N.D. Cal. June 16, 2004)). Consistent with that purpose, its Patent Local Rules require that a patentee and defendant serve preliminary infringement and invalidity contentions, respectively, to "crystallize their theories of the case early in litigation." *Nike, Inc. v. Adidas Am., Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (citing *02 Micro Int'l Ltd. v. Monolithic Power Sys.*, 476 F.3d 1355, 1364 (Fed. Cir. 2006).

Under Patent Rule 3-3(b), the defendant must serve Invalidity Contentions within forty-five days of the patentee's Infringement Contentions. Its contentions must identify "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." P.R. 3-3(b). "If a combination of items of prior art makes a claim obvious," the defendant must identify "each such combination[] and the motivation to combine such items." *Id.* Except for good faith amendments based on the Court's claim construction ruling within fifty days of that ruling,

Invalidity Contentions amendments require both the Court's leave and a showing of good cause. P.R. 3-6(b).

Under Rule 16(f), the Court has the inherent power to enforce its scheduling orders. Fed. R. Civ. P. 16(f). Courts in this District routinely disallow the use of prior art references and combinations that were not timely disclosed in invalidity contentions. *See e.g. Tyco Healthcare*, 2009 U.S. Dist. LEXIS 125379 (rejecting prior art combinations and motivation to combine disclosed for the first time in an expert report); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144-LED-JDL, 2009 U.S. Dist. LEXIS 114207 (E.D. Tex. Dec. 8, 2009) (striking new references not properly disclosed in invalidity contentions); *LML Patent Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448, 2011 U.S. Dist. LEXIS 128724 (E.D. Tex. Aug. 10, 2011) (striking prior art combinations not timely disclosed in invalidity contentions).

When determining whether to exclude new evidence based on a party's failure to comply with the Patent Rules, the Court considers the following non-exclusive list of factors:

- The danger of unfair prejudice to the non-movant;
- The length of the delay and its potential impact on judicial proceedings;
- The reason for the delay, including whether it was within the reasonable control of the movant;
- The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's Scheduling Orders, Local Rules, and the Federal Rules of Civil Procedure; and
- Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent.

*Tyco Healthcare*, 2009 U.S. Dist. LEXIS 125379, at *5 (citing *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007)).

### A. The Wolfe Report Contains a New Invalidity Theory, a New Reference, and a New Obviousness Combination Not Found In Samsung's Invalidity Contentions

Samsung has long known that the "touch input" patents claim touch input devices and touch screens that output signals comprising coordinates of the contacted location on their touch surfaces. Even setting aside Samsung's pre-suit knowledge of the importance of touch coordinates to the infringement and validity of the "touch input" patents, Immersion served its Complaint on August 3, 2017, in which it repeatedly accused Samsung of infringement because "[t]he touch screen outputs coordinates of the contacted location on the touch screen to the Galaxy S8's application processor." (Dkt. No. 1 at 6, 12, 14.) Samsung's position was and is that "position signal representing a location" should be construed as "signal comprising coordinates of a location," and the Court adopted this construction.

Despite this requirement of the "touch input" patents, Samsung advanced an anticipation argument based on the Stephan reference, which does not in fact disclose a touch input device that outputs coordinates of the contacted location on its touch surface. Stephan's touchpad instead outputs "control packets [that] contain data corresponding to *the user's movement* on the touchpad," which is amply documented in Samsung's Invalidity Contentions. *See, e.g.*, Ex. IC-A9 at 30 (emphasis added); *see also id.* at 32 ("As the user moves the contact point around the touchpad member, at block 130 control packets are generated with x0-x7 and y0-y7 bit values that are *indicative of the relative movement* of the contact point.") (emphasis added). Data that indicates how far and in what direction the point of contact moves (Stephan's relative movement, which Dr. Wolfe calls "relative coordinate reporting") is not the same as data comprising coordinates of the contacted location on the touch screen (which Dr. Wolfe calls "absolute coordinate reporting"). Because Stephan does not disclose "absolute coordinate reporting," it

8

cannot anticipate the claims of the "touch input" patents, nor can it supply "absolute coordinate reporting" to any other prior art reference in an obviousness combination.

Nowhere in Samsung's Invalidity Contentions—not in the cover pleading, not in any of the three Stephan charts—did Samsung disclose (1) Dr. Wolfe's argument that "a POSITA would have found it obvious based on knowledge of the field and common sense to substitute absolute coordinate reporting for relative coordinate reporting," (2) Dr. Wolfe's argument that "[t]his substitution was commonplace in the art at the time," or (3) Dr. Wolfe's "own patent, U.S. Patent 6,037,930." At no time did Samsung supplement its Invalidity Contentions to disclose this theory and prior art reference or seek to do so.

Samsung's assertions regarding Stephan in its Invalidity Contentions are devoid of anything resembling Dr. Wolfe's new theory. In Samsung's Stephan-related charts, for example, it argued that "it would have been obvious to a person of ordinary skill in the art as of the priority date of the '846 patent to modify Stephan and/or to combine the teachings of Stephan with other prior art references, including, but not limited to, the present prior art references found in Defendants' invalidity contentions and the relevant section of claim charts for other prior art for the '846 patent in a manner that would have rendered the Asserted Claims invalid as obvious." (*See, e.g.*, Ex. IC-A9 at 1.) Samsung's cover pleading states that "Defendants incorporate by reference all other invalidity contentions related to the Asserted Patents served on or otherwise provided to Plaintiff, whether past or in the future" and argues that "the Asserted Claims are obvious over various combinations of the references shown in the claim charts accompanying or incorporated by reference in this disclosure." (*See* Ex. 1 at 26.) These statements are not enough to fairly disclose ***any*** particular obviousness combination with sufficient specificity under the Patent Local Rules. But more importantly, neither of these statements identify Dr. Wolfe's

patent or his theory regarding substitution of "absolute coordinate reporting" for the "relative coordinate reporting" that he argues Stephan discloses.

Indeed, with respect to the claim elements at issue in this motion, Samsung's Invalidity Contentions present its argument that Stephan alone—unmodified and uncombined with any other reference—discloses a touch input device that outputs a signals comprising coordinates of the contacted location on its touch surface. Samsung is wrong on that point, which is why it called on Dr. Wolfe to present a new and different theory about Stephan.

Dr. Wolfe's attempt to support his opinion by arguing that it was well known to "substitute absolute coordinate reporting for relative coordinate reporting"—using his own, undisclosed patent as supporting evidence—comes far too late. This is precisely the type of "litigation by ambush" that this District's Patent Rules are intended to prevent. All of the factors under *Tyco* favor striking these arguments and new evidence.

### 1. Excluding the new arguments and evidence would not unfairly prejudice Defendants.

The first *Tyco* factor clearly favors striking Dr. Wolfe's new arguments. Defendants cannot plausibly argue that striking his new "substitution" arguments based on his own patent would unfairly prejudice them—particularly as they have had almost a year to identify and raise these arguments. *See Tyco Healthcare*, 2009 U.S. Dist. LEXIS 125379, at *5 ("While the court takes Applied's point that experts should 'not be required to copy the defendant's invalidity contentions verbatim into their expert reports,' neither should they be permitted to opine on obviousness combinations or motivations to combine that were never disclosed for a particular claim in those Invalidity Contentions.").

In fact, the opposite is true. In view of Defendants' belated identification of these new arguments and reference, it is ***Immersion*** that would be prejudiced by their inclusion in this case.

10

Dr. Wolfe's belated disclosure of his new theory on December 21, 2018 gave Immersion's expert, Ravin Balakrishnan, less than a month to consider them. Immersion also had no time at all to pursue fact discovery to support its showing that Dr. Wolfe is wrong.

### 2. Defendants cannot justify their long delay.

The second, third, and fifth *Tyco* factors also favor striking Dr. Wolfe's new arguments. Defendants have not attempted to and cannot explain their long delay in raising these arguments and the Wolfe patent for the first time.

It was well within Defendants' control to raise these issues earlier. Dr. Wolfe has been involved in this case since at least September 11, 2018, when he prepared a declaration that was submitted to the Court in connection with Samsung's claim construction briefing. (Dkt. No. 73-2.) Although Samsung supplemented its Invalidity Contentions when Immersion's assertion of a sixth patent was consolidated with this case, Samsung did not then seek leave to amend to add any "substitutability for [Stephan's] relative coordinate reporting" arguments or identify the Wolfe patent in connection with that supplementation. Nor did Samsung supplement its Invalidity Contentions after the Court construed "position signal representing a location" to be "signal comprising coordinates of a location."

### 3. The importance of Samsung's belated theories and the availability of lesser sanctions

Finally, Samsung also cannot plausibly argue that its belated "substitution" theory and the Wolfe patent are critical to their case. Striking these arguments will not leave them without defenses against the "touch input" patents.

For example, Dr. Wolfe has raised no fewer than 11 obviousness combinations against the "touch input" patents. And Immersion is not moving to strike these combinations—only the new "substitution" theory based on an undisclosed additional reference.

11

### B. Defendants Cannot Show Good Cause for a Late Amendment Now

Should Defendants seek leave to amend their Invalidity Contentions to add their new "substitution" theory based on the Wolfe patent now, the Court should deny it. Under Patent Rule 3-6, such an amendment requires good cause.

But having raised these theories and reference for the first time almost a year after their original Invalidity Contentions—without seeking the Court's permission to do so, Defendants effectively concede that they lack good cause for any amendment now.

### III. CONCLUSION

The time for Samsung to have identified their new "substitution" theories based on Dr. Wolfe's own patent passed almost a year ago. Samsung plainly was not diligent in advancing these arguments, and it should not be permitted to advance them at this very late date, with both fact and expert discovery now closed. Immersion therefore respectfully asks that the Court strike these theories and bar Samsung from relying on them or the Wolfe patent at trial.

Dated: February 4, 2019 Respectfully submitted,

/s/ *Marc David Peters*
Bryan Wilson (CA SBN 138842)
LEAD ATTORNEY
Marc David Peters (CA SBN 211725)
Albert J. Rugo (CA SBN 306134) *admitted pro hac vice*
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
Email: bwilson@mofo.com
Email: mdpeters@mofo.com
Email: arugo@mofo.com

Richard S. J. Hung (CA SBN 197425)
Christopher Robinson (CA SBN 260778)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7602
Facsimile: (415) 276-7334
Email: rhung@mofo.com
Email: ChristopherRobinson@mofo.com

Morgan Chu (CA SBN 70446)
Richard Birnholz (CA SBN 151543)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: rbirnholz@irell.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire A. Henry
Texas Bar No. 24053063
Andrea L. Fair
State Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy.

Longview, TX 75604
Tel: 903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Attorneys for Plaintiff
Immersion Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 4th day of February, 2019.

/s/ *Marc David Peters*

## CERTIFICATE OF CONFERERNCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for Plaintiff has met and conferred with counsel for Defendants.  In particular, counsel met and conferred regarding the substance in motion by telephone on February 1, 2019.  No agreement was reached, and counsel for Defendants indicated that the Defendants are opposed to the relief sought in this motion.  The discussions have conclusively ended in an impasse, leaving open issues for the court to resolve.

/s/ *Marc David Peters*