# EXHIBIT 2
# WOLFE EXPERT REPORT

# (EXCERPTS)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Case No. 2:17-cv-00572-JRG<br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

**EXPERT REPORT OF DR. ANDREW WOLFE, PH. D.**

**ON THE INVALIDITY OF U.S. PATENT NOS. 6,429,846, 7,982,720, 8,031,181, AND 8,619,051**

are directed towards the concept of receiving data, processing that data, and outputting a signal response for a user.

148. Thus, the asserted claims combine prior art elements to operate in the same manner they always have, simply in a different context (i.e., haptic feedback). Also, as I explained above, the haptics feedback technology has long existed before the '846 patent. *See, e.g.*, Riegel Dep. Tr. at 61:1-7 (haptic feedback existed), 58:21-59:1 (haptic feedback devices existed).

### 2. Obviousness Opinions

149. As set forth in more detail in the claim chart of Exhibit 3A, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Stephan in view of Oross.

150. As set forth in more detail in the claim chart of Exhibit 3B, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Blouin in view of Stephan.

151. As set forth in more detail in the claim chart of Exhibit 3C, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Fujita in view of Stephan.

152. As set forth in more detail in the claim chart of Exhibit 3D, it is my opinion that the asserted claims of the '846 Patent are rendered obvious by Beeks in view of Stephan.

### 3. Specific Motivations to Combine

#### a. Stephan in light of Oross

153. Stephan discloses several embodiments of touch pads having multiple regions with different functionality, with just two of the examples in Figures 8 and 12 shown below. Stephan at 10:63-11:27, 12:25-34, FIGS. 8, 12.

223. The asserted claims of the '720 patent use these conventional, pre-existing components to perform the act of processing input data and outputting data as user feedback. They are directed towards the concept of receiving data, processing that data, and outputting a signal response for a user.

224. Thus, the asserted claims combine prior art elements to operate in the same manner they always have, simply in a different context (i.e., haptic feedback). Also, as I explained above, the haptics feedback technology has long existed before the '720 patent. *See, e.g.*, Riegel Dep. Tr. at 61:1-7 (haptic feedback existed), 58:21-59:1 (haptic feedback devices existed).

### 2. Obviousness Opinions

225. As set forth in more detail in the claim chart of Exhibit 4A, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Stephan in view of Oross and Blouin.

226. As set forth in more detail in the claim chart of Exhibit 4B, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Blouin in view of Stephan.

227. As set forth in more detail in the claim chart of Exhibit 4C, it is my opinion that the asserted claims of the '720 Patent are rendered obvious by Fujita in view of Stephan and Blouin.

### 3. Specific Motivations to Combine

#### a. Stephan in light of Oross and Blouin

228. Stephan discloses several embodiments of touch pads having multiple regions with different functionality, with just two of the examples in Figures 8 and 12 shown below. Stephan at 10:63-11:27, 12:25-34, FIGS. 8, 12.

### 2. Obviousness Opinions

304. As set forth in more detail in the claim chart of Exhibit 5A, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Stephan in view of Oross and Blouin.

305. As set forth in more detail in the claim chart of Exhibit 5B, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Blouin in view of Stephan.

306. As set forth in more detail in the claim chart of Exhibit 5C, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Fujita in view of Stephan and Blouin.

307. As set forth in more detail in the claim chart of Exhibit 5D, it is my opinion that the asserted claims of the '181 patent would have been rendered obvious by Beeks in view of Stephan and Blouin.

### 3. Specific Motivations to Combine

#### a. Stephan in light of Oross

308. Stephan discloses several embodiments of touch pads having multiple regions with different functionality, with just two of the examples in Figures 8 and 12 shown below. Stephan at 10:63-11:27, 12:25-34, FIGS. 8, 12.

## XII. CONCLUSION

394. I reserve the right to amend and/or supplement the foregoing in accordance with applicable Court rules, orders, and procedures.

Dated: December 21, 2018

_____