## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>　　　　Defendants. | Case No. 2:17-cv-00572-JRG<br>(LEAD CASE)<br><br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

**THE SAMSUNG DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES FOR THE '051 AND '332 PATENTS**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1
II.  STATEMENT OF FACTS .................................................................................................. 2
III. STATEMENT OF ISSUE TO BE DECIDED BY THE COURT....................................... 4
IV.  STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................... 4
V.   LEGAL STANDARD.......................................................................................................... 4
VI.  ARGUMENT....................................................................................................................... 6
    A.   Immersion Cannot Show Actual Notice of Infringement of the '051 and '332 Patents ................................................................................................................... 6
    B.   Immersion Cannot Show the Requisite Marking ...................................................... 7
    C.   Immersion Cannot Show Entitlement to Pre-suit Damages for the '051 and '332 Patents ................................................................................................................. 10
VII. CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993)..................................................................................................8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)................................................................................................................5

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017), *cert. denied,* No. 17-1645, 2018 WL 2766092
  (U.S. Oct. 1, 2018)........................................................................................................5, 6, 10

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)................................................................................................................5

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
  No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103 (E.D. Tex. Sept. 4, 2017).........................9

*Maxwell v. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996).............................................................................................5, 7

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  853 F.3d 1370 (Fed. Cir. 2017)..............................................................................................5

*Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*,
  400 F.3d 910 (Fed. Cir. 2005)................................................................................................8

██████████████████████████████

## I.  INTRODUCTION

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung"), move for partial summary judgment of no pre-suit damages for the '051 and '332 patents. Black letter law precludes recovery of pre-suit damages where there is no actual or constructive notice of infringement to an alleged infringer. Despite this clear prohibition, Immersion's damages case relies on a royalty base dating back to ███████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████

After months of discovery, Immersion has been unable to muster evidence to show that it provided actual pre-suit notice of infringement to Samsung. Immersion's own corporate representatives confirmed ████████████████████████████████. ████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████ Given the complete absence of evidence, no reasonable factfinder could find in Immersion's favor on this issue.

For these reasons and those set forth below, Samsung is entitled to partial summary judgement that Immersion cannot seek any pre-suit damages for the '051 and '332 patents.

1

## II. STATEMENT OF FACTS

On August 3, 2017, Immersion filed its initial complaint against Samsung, notifying Samsung for the first time that it was charged with infringement of U.S. Patent No. 9,323,332, among other patents. (Dkt. No. 1 at ¶¶ 49-56.) In that complaint, Immersion failed to present any facts showing it provided notice of infringement of the '332 patent, instead vaguely referring to "information and belief" of knowledge of the patent—not infringement. (*Id.* at ¶ 54 ("On information and belief, Samsung has been aware of the '332 patent since it issued, or shortly thereafter.").) Months later, on March 8, 2018, Immersion filed another complaint against Samsung styled as Case No. 2:18-cv-00055-JRG alleging infringement of U.S. Patent No. 8,619,051. (Case No. 2:18-cv-00055-JRG, Dkt. No. 1 at ¶¶ 17-22.) This second complaint was silent about any alleged pre-suit notice of infringement of Immersion's '051 patent. (*See generally id.*) Finally, Immersion filed an amended complaint on July 24, 2018, but it likewise failed to provide facts showing it provided notice of infringement of the '051 and '332 patents. (Dkt. No. 68 at ¶¶ 54 (merely alleging notice "[o]n information and belief"), 63 (same, adding that "Samsung has been aware of the '051 patent since at least March 8, 2018.").)

Discovery in this case proceeded over the next several months, but by the close of fact discovery on December 7, 2018, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

██████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████

Likewise, Immersion failed to provide specific evidence entitling it to pre-suit damages for the '051 or '332 patents in view of marking obligations. Immersion's infringement contentions alleged that "Immersion's TouchSense 2000 and TouchSense 2200 products and/or devices including TouchSense 2000 or TouchSense 2200 practice" the asserted claims of the '051 patent. (Ex. 3 (Third Amended Infringement Contentions) at 25.) ████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████

For the '332 patent, Immersion asserted in its infringement contentions that it is not relying on any of its own products practicing the '332 patents. (Ex. 3 (Third Amended Infringement Contentions) at 25.) ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████

3

Notwithstanding the lack of actual or constructive notice of infringement of the '051 and '332 patents, Immersion seeks pre-suit damages for both patents. (*See* Ex. 4 (Kennedy Report) at ¶ 75 (indicating royalty base starting in ▮

### III. STATEMENT OF ISSUE TO BE DECIDED BY THE COURT

Whether summary judgment of no pre-suit damages for the '051 and '332 patents due to failure to mark or provide actual notice should be granted?

### IV. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Samsung had no pre-suit notice of infringement of the '332 patent. (Ex. 1 ▮

2. Samsung had no pre-suit notice of infringement of the '051 patent. (Case No. 2:18-cv-00055-JRG, Dkt. No. 1 at ¶¶ 17-22.)

3. In response to a Samsung interrogatory requesting "complete detail [of] all of Plaintiff's efforts to comply with the marking requirements of 35 U.S.C. § 287," Immersion ▮

### V. LEGAL STANDARD

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, in order to avoid summary judgment, Immersion must present enough evidence for the factfinder to reasonably find in its favor. *Anderson*, 477 U.S. at 252.

As a prerequisite for obtaining pre-suit damages, Immersion bears the burden to demonstrate that it either provided actual notice of infringement or, alternatively, that it complied with the marking requirements of 35 U.S.C. § 287(a). *E.g., Maxwell v. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). When products covered by licensed patents are made, used, sold or offered for sale in the United States, or imported into the United States, and such products are not substantially marked with notice of applicable patents, the failure to satisfy this requirement precludes damages before the alleged infringer received actual notice of any alleged infringement of the patents. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (citing cases). It is the patent owner's burden to plead and prove that it provided actual or constructive notice to an alleged infringer. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017), *cert. denied,* No. 17-1645, 2018 WL 2766092 (U.S. Oct. 1, 2018) ("The burden of proving compliance with marking is and at all times remains on the patentee."); *Maxwell*, 86 F.3d at 1111. Where a patentee fails to mark its allegedly covered products, damages are only available after the patentee provides actual notice of the alleged infringement. 35 U.S.C. § 287.

## VI. ARGUMENT

Immersion's pre-suit damages theories for the '051 and '332 patents suffer from a fatal flaw: Immersion has not and cannot establish that Samsung had any notice—actual or constructive—of alleged infringement of the '051 and '332 patents prior to the filing of the complaints in March 2018 and August 2017, respectively. Indeed, Immersion identifies no evidence that Samsung was aware of any allegations against it related to the '051 and '332 patents before the present lawsuits were filed. Consequently, Immersion is not entitled to pre-suit damages for two of the six Asserted Patents.

### A. Immersion Cannot Show Actual Notice of Infringement of the '051 and '332 Patents

There is no genuine dispute of material fact that Samsung had no actual pre-suit notice of infringement of the '051 and '332 patents. Immersion utterly failed to provide any evidence of actual notice of infringement for these patents, despite having the burden to do so. *Arctic Cat*, 876 F.3d at 1366. For example, none of the three complaints filed by Immersion in these cases identify evidence indicating pre-suit notice of infringement of the '051 and '332 patents, but instead simply include conclusory statements based "[o]n information and belief." (*See* Dkt. No. 1 at ¶¶ 49-56; Case No. 2:18-cv-00055-JRG, Dkt. No. 1 at ¶¶ 17-22; Dkt. No. 68 at ¶¶ 54, 63 (only alleging that "Samsung has been aware of the '051 patent since at least March 8, 2018.").) These conclusory statements about the '051 and '332 patents starkly contrast the more detailed statements about pre-suit knowledge of allegations related to other patents asserted in this case (but not the subject of this motion). (*Compare id. with* Dkt. No. 1 at ¶¶ 22, 30, 38, 46; Dkt. No. 68 at ¶¶ 22, 30, 38, 46.)

██████████████████████████████████████

████████████████████████████,"████████████████████████████████████████

██(████████████████████████████████████████████████████████████

████████████████████

Furthermore, witnesses deposed in this case provided evidence that Samsung had no actual notice of infringement related to the '051 and '332 patents. ████████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

As a result, the Court should find that no actual notice of infringement was provided to Samsung prior to the complaints' allegations of infringement of the '051 and '332 patents.

### B. Immersion Cannot Show the Requisite Marking

Immersion has failed to carry its burden to establish that it and its third-party licensees actually complied with the marking requirements of 35 U.S.C. § 287(a). As a prerequisite for obtaining pre-suit damages, the burden is on Immersion to demonstrate that it complied with the marking requirements of 35 U.S.C. § 287(a). *E.g.*, *Maxwell v. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

Immersion contends that "Immersion's TouchSense 2000 and TouchSense 2200 products and/or devices including TouchSense 2000 or TouchSense 2200 practice" the asserted claims of

7

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

the '051 patent. (Ex. 3 (Third Amended Infringement Contentions) at 25.) Although Immersion stated in its infringement contentions that it is not relying on its own products as practicing the '332 patent, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇

Despite these assertions, Immersion simply stated that ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇ does not satisfy its burden to establish that Immersion "consistently mark[ed] substantially all of its patented products[.]" *See Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993); *see also Sentry Prot. Prod., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005).

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇,

8

[redacted]

Immersion has provided no details or evidence from which Samsung, the Court, or a jury could determine whether Immersion or its third-party licensees have indeed complied with the marking requirement. As this Court recently noted,

> The purpose of the marking requirement is to provide an incentive for patentees to inform a potential infringer that someone has a right to exclude him from making, using, offering to sell, or selling the article he may be contemplating—in other words, to preclude the patentee from taking advantage of the deception that may arise from unmarked articles. *See Wine Ry. Appliance Co.*, 297 U.S. at 398.

*Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4183103, at *3 (E.D. Tex. Sept. 4, 2017), *report and recommendation adopted*, No. 2:16-CV-00052-JRG-RSP, 2017 WL 4251365 (E.D. Tex. Sept. 20, 2017). The impact of Immersion's failure to satisfy its burden with respect to marking is substantial. Immersion has asserted a (flawed) damages calculation covering purported infringement dating back to [redacted] (*See* Ex. 4 (Kennedy Report) at ¶ 75.) Permitting the jury to consider a damages period for which Immersion has shown no entitlement is inappropriate.

As Immersion has failed to carry its burden of establishing its compliance with the marking requirement of 35 U.S.C. § 287(a), Samsung is entitled to summary judgment on Immersion's failure to mark.

### C. Immersion Cannot Show Entitlement to Pre-suit Damages for the '051 and '332 Patents

Immersion has not—and cannot—establish actual or constructive pre-suit notice of infringement for the '051 and '332 patents, so it cannot show entitlement to pre-suit damages related to those patents. Despite this flaw, ▮

However, a patent owner is required to plead and prove that it provided actual or constructive notice to an alleged infringer. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017), *cert. denied,* No. 17-1645, 2018 WL 2766092 (U.S. Oct. 1, 2018); 35 U.S.C. § 287. Immersion's failure to comply with the marking requirements of § 287(a), and the failure by Immersion to provide actual notice of infringement of the '051 and '332 patents, preclude Immersion from seeking pre-suit damages.

### VII. CONCLUSION

This is not an issue on which there are disputed factual issues, or issues of credibility for a jury to sort. There is a complete absence of proof of pre-suit notice of infringement of the '051 and '332 patents, and therefore the issue is a legal one ripe for resolution before trial. For the foregoing reasons, Samsung respectfully requests partial summary judgment barring Immersion from recovery of any pre-suit damages for the '051 patent prior to March 8, 2018, and for the '332 patent prior to August 3, 2017.

███████████████████████████████

Date: February 4, 2019                      Respectfully submitted,

By: /s/ Stephen A. Marshall
Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
Indranil Mukerji
MA Bar 644059
mukerji@fr.com
Stephen A. Marshall
D.C. Bar No. 1012870
Daniel A. Tishman
D.C. Bar No. 1013923
**FISH & RICHARDSON P.C.**
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Leonard E. Davis
TX Bar No. 05521600
ldavis@fr.com
Tom Gorham
TX Bar No. 24012715
gorham@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Frank J. Albert (*pro hac vice*)
CA Bar No. 247741
albert@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92150
Telephone: (858) 678-5070
Facsimile: (858) 378-5099

Tony Nguyen

11

        TX Bar No. 24083565
        nguyen@fr.com
        **FISH & RICHARDSON P.C.**
        1221 McKinney Street, Ste. 2800
        Houston, TX 77010
        Tel: 713-654-5300
        Fax: 713-652-0109

        Melissa Smith
        TX Bar No. 24001351
        melissa@gillamsmithlaw.com
        GILLAM & SMITH LLP
        303 South Washington Avenue
        Marshall, Texas 75670
        Telephone: (903) 934 – 8450
        Facsimile: (903) 934-9257

        **COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this document is filed under seal pursuant to the Protective Order (Dkt. No. 32) filed in this matter.

*/s/ Stephen A. Marshall*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 4, 2019.

*/s/ Stephen A. Marshall*