# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>  Defendants. | Case No. 2:17-cv-00572-JRG<br>**LEAD CASE**<br><br>Case No. 2:18-cv-00055-JRG<br>**CONSOLIDATED CASE** |

**SAMSUNG'S OPPOSITION TO IMMERSION'S MOTION TO STRIKE UNDISCLOSED THEORY AND REFERENCE FROM WOLFE EXPERT REPORT**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................................... 2

III.  ARGUMENT ........................................................................................................................ 4

      A.   The Disputed Explanation Is Not a Separate Invalidity Ground Beyond Those
           Identified in Samsung's Contentions ...................................................................... 4

      B.   Samsung Properly Provided Notice of Relied Upon Prior Art in Its Invalidity
           Contentions ............................................................................................................. 5

      C.   The Disputed Explanation is Properly Presented Expert Opinion .......................... 7

      D.   The Fifth Circuit's *Betzel* Factors Weigh Against Striking the Disputed
           Explanation ............................................................................................................. 9

IV.   CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464 (E.D. Tex. July 14, 2017) ........................7

*Betzel v. State Farm Lloyds*,
   480 F.3d 704 (5th Cir. 2007) .................................................................................................9, 10

*In re Carlson*,
   983 F.2d 1032 (Fed. Cir. 1992).................................................................................................5

*Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*,
   No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ...........................7

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007)...................................................................................................................8

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005)..................................................................................................8

*Pozen Inc. v. Par Pharm., Inc.*,
   No. 6:08-CV-437-LED-JDL, 2010 WL 11431483 (E.D. Tex. June 8, 2010) ...........................8

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
   No. 9:06-CV-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) .........................................8, 9

I.       **INTRODUCTION**

The Court should deny Immersion's Motion[1] because the portion of Dr. Wolfe's opinion it seeks to preclude is supported by Samsung's Invalidity Contentions and within the typical purview of a technical expert whose role is to opine on the knowledge of a person of ordinary skill in the art at the time of the invention ("POSITA").  Immersion's Motion is premised on the incorrect belief that Dr. Wolfe's discussion of the knowledge of a POSITA and his own patent (the Wolfe '930 patent)—a discussion merely to explain the perspective a POSITA would apply to the disclosed references, such as Stephan—raised a new invalidity ground that was never disclosed.  But Dr. Wolfe did not address the Wolfe '930 patent in order to assert an additional invalidity ground.  Instead, Dr. Wolfe presented this discussion in the context of how a POSITA would have understood the disclosed obviousness combinations, including Stephan.

In its Invalidity Contentions, served over a year before the Motion was filed, Samsung disclosed that it intended to rely on the knowledge of a POSITA in its obviousness combinations, including potential modifications to Stephan within the knowledge of a POSITA.  Furthermore, Samsung disclosed the portion of Stephan that provides the factual context—that "Firmware in the touchpad converts the absolute position as the user moves the contact point on the touchpad to relative X,Y movement information"—upon which Dr. Wolfe subsequently provided his expert opinion.  Because Dr. Wolfe's opinions were properly supported and well within his role as a technical expert, Immersion's Motion should be denied.  To the extent Immersion takes issue with Dr. Wolfe's opinions, its proper recourse is cross-examination.

---

[1] Immersion's Motion to Strike an Undisclosed Invalidity Theory and Prior Art Reference From Expert Report of Andrew Wolfe is referred to herein as the "Motion."

## II.     FACTUAL BACKGROUND

The Motion refers to three of the asserted patents as the "touch input" patents, including U.S. Patent Nos. 6,429,846, 7,982,720, and 8,031,181.  (Mtn. at 1.)  The asserted claims of these patents have limitations that recite "position signal[s]" (or "a first signal") that are provided "based on a location" a user touches on the input device.  (*See* Mtn. at 1; '846 patent at cl. 1 ("a touch input device . . . operative to input a position signal to a processor of said computer based on a location on said touch surface which said user contacts, said position signal representing a location in two dimensions"); '720 patent at cl. 10 ("a touch screen operative to output a first signal comprising coordinates of a contacted location on the touch screen"); '181 patent at cl. 1 ("a touch screen operative to display a graphical image and to output a position signal associated with cursor positioning").)  On October 15, 2016, the Court construed "position signal representing a location" for the '846 patent as a "signal comprising coordinates of a location," which the parties had previously agreed upon.  (Dkt. No. 81 at 8.)

On January 23, 2018, over a year before the Motion was filed, Samsung served its Invalidity Contentions in this case for the "touch input" patents (among other asserted patents).  This disclosure included obviousness contentions based on U.S. Patent No. 5,748,185 ("Stephan") for each of the "touch input" patents.  (*See* Ex. IC–A9 to Mtn. (related to the '846 patent); Ex. IC–C9 to Mtn. (related to the '720 patent); Ex. IC–D9 to Mtn. (related to the '181 patent).)  Samsung's contentions put Immersion on notice of Samsung's position that "at the time of the alleged invention, ***it was common knowledge to one of skill in the art*** that such touch input devices could detect a touch and generate a signal representing a touch in at least two

dimensions."[2] (Ex. 1 to Mtn.[3] at 34 (related to the '846 patent), 52 (related to the '720 patent), 61 (related to the '181 patent).) Samsung's Invalidity Contentions also put Immersion on notice—more than a year before the Motion's filing—that it intended to rely on Stephan in combination with other references and/or as modified by the knowledge of a POSITA. The timely filed Invalidity Contentions also referenced reliance on forthcoming expert testimony to show the knowledge of a POSITA. *Id.*

Finally, Samsung's Invalidity Contentions disclosed that Stephan itself (at 1:35–42) provides a basis for substituting absolute coordinate reporting for relative coordinate reporting.[4] This citation was just a small portion of the 12-17 pages of cited material from Stephan that Samsung disclosed for the relevant limitation of each of the three "touch input" patents. (Ex. IC–A9 to Mtn. at 14-26 (for the '846 patent); *see also* Ex. IC–C9 to Mtn. at 2–17 (for the '720 patent); Ex. IC–D9 to Mtn. at 1-17 (for the '181 patent).) At no point did Immersion ever complain that Samsung's invalidity disclosures were insufficiently detailed, or that it could not understand the contention that the patents were obvious in light of the disclosures in Stephan, the other disclosed references, and the knowledge of a POSITA.

Following Samsung's invalidity contentions, Dr. Wolfe provided a timely report about the invalidity of the "touch input" patents on December 21, 2018. The portion of his opinion subject to the Motion is the following statement made in connection with obviousness combinations that include Stephan for the '846, '720, and '181 patents:

---

[2] Unless otherwise noted, all emphasis was added for purposes of this brief.
[3] Samsung served amended invalidity contentions on April 30, 2018, but those did not substantively alter the portions cited herein. For clarity and consistency with the Motion's citations, Samsung's citations herein reference the original set served January 23, 2018, which were attached in part to the Motion.
[4] *See* Ex. IC–A9 to Mtn. at 2–3 (for the '846 patent); Ex. IC–C9 to Mtn. at 2–3 (for the '720 patent); Ex. IC–D9 to Mtn. at 2 (for the '181 patent).

> Moreover, a POSITA would have found it obvious based on knowledge of the field and common sense to substitute absolute coordinate reporting for relative coordinate reporting. This substitution was commonplace in the art at the time. It is discussed, for example, in my own patent, U.S. Patent 6,037,930, filed in 1984, which discusses but does not claim, both types of coordinate reporting.

(Mtn. at 5 (referred to herein as the "Disputed Explanation").)[5] This small explanation constitutes just three sentences among dozens of pages of materials that Dr. Wolfe provided for the particular limitations of the asserted claims that relate to the Motion.[6] On February 4, 2019, more than a year after Immersion had notice of Samsung's contentions, Immersion filed this motion to strike the Disputed Explanation relating to the knowledge of a POSITA on a previously proffered theory.

## III.   ARGUMENT

Contrary to Immersion's argument, the Disputed Explanation was not an attempt to assert an additional invalidity ground beyond those previously disclosed by Samsung. Instead, Dr. Wolfe's discussion explains the understanding of a POSITA as it relates to Stephan's disclosures—disclosures provided by Samsung more than a year ago.

### A.   The Disputed Explanation Is Not a Separate Invalidity Ground Beyond Those Identified in Samsung's Contentions

Immersion's Motion is premised on the erroneous belief that the Disputed Explanation is a separate invalidity ground beyond the combinations explicitly outlined in Dr. Wolfe's report

---

[5] Immersion did not precisely identify the relief it seeks but if the Court grants Immersion's motion (which it should not), only the portion of the Disputed Explanation stating "It is discussed, for example, in my own patent, U.S. Patent 6,037,930, filed in 1984, which discusses but does not claim, both types of coordinate reporting," and other reference to Wolfe '930 should be struck.

[6] *See* Wolfe Ex. 3A to Mtn. at 2-19; Wolfe Ex. 3B to Mtn. at 3-8; Wolfe Ex. 3D to Mtn. at 2-17; Wolfe Ex. 4A to Mtn. at 2-19; Wolfe Ex. 4B to Mtn. at 2-6; Wolfe Ex. 5A to Mtn. at 2-19; Wolfe Ex. 5B to Mtn. at 2-5; Wolfe Ex. 5D to Mtn. at 2-23.

(and that were the subject of Samsung's Invalidity Contentions). It is not. Instead, the Disputed Explanation simply relates to the knowledge and understanding of a POSITA as it pertains to the identified obviousness combinations, including those involving Stephan.

The Motion correctly identifies that Dr. Wolfe "opined that the 'touch input' patents were obvious," and that Dr. Wolfe provided "charts for the 'touch input' patents [that] involved the Stephan reference." (Mtn. at 4–5.) However, the Motion proceeds to argue that the Disputed Explanation and mention of U.S. Patent No. 6,037,930 (the "Wolfe '930 patent") is "a new invalidity theory" and "a new obviousness combination." (Mtn. at 1, 8–11.) This overstated premise is belied by the fact that the Disputed Explanation states that "a POSITA would have found it obvious *based on knowledge of the field and common sense* to substitute absolute coordinate reporting for relative coordinate reporting." (*See* Motion at 5.) Indeed, the obviousness inquiry focuses on the hypothetical person of ordinary skill, who is presumed as a matter of law to be familiar with all of the prior art. *See In re Carlson*, 983 F.2d 1032, 1037 (Fed. Cir. 1992) ("[T]he hypothetical person of ordinary skill in the art ... is charged with knowledge of all the contents of the relevant prior art.") (citation omitted). The Wolfe '930 patent is merely an example of the knowledge of a POSITA, but does not itself constitute an additional charted reference in a purportedly unstated combination, as Immersion suggests. (*Id.*) Hence, the Disputed Explanation is expert analysis of how a POSITA would understand and/or modify a disclosure like that of Stephan.

### B.   Samsung Properly Provided Notice of Relied Upon Prior Art in Its Invalidity Contentions

The Court should deny Immersion's Motion because Samsung timely disclosed the underlying prior art references and theories upon which Dr. Wolfe provided his opinions. The Motion argues that the Disputed Explanation is "[n]owhere in Samsung's Invalidity

Contentions—not in the cover pleading, not in any of the three Stephan charts," and that "Samsung's assertions regarding Stephan in its Invalidity Contentions are devoid of anything resembling Dr. Wolfe's new theory." (Mtn. at 9.) Despite Immersion's hyperbole, Samsung disclosed that Stephan renders the asserted claims of the touch patents obvious. More specifically, Samsung's contentions explained why a POSITA would modify Stephan in the manner claimed in the touch patents. This most clearly comes from Stephan itself (at 1:35–42), which provides a basis and understanding in the art for substituting absolute coordinate reporting for relative coordinate reporting:

> Similarly, signals generated by a touchpad are converted to X,Y movement information to interface with the GUI. Touchpads generate a signal that corresponds to the location on the surface of the touchpad where the user contacts the touchpad. ***Firmware in the touchpad converts the absolute position as the user moves the contact point on the touchpad to relative X,Y movement information*** that is provided to the computer.[7]

This disclosure illustrates a relationship that exists between "absolute position" and "relative X,Y movement information"—the precise subject matter of the Disputed Explanation. Accordingly, Samsung timely disclosed its invalidity theories, and Dr. Wolfe properly provided expert opinion on how a POSITA would understand the same in light of Stephan and the obviousness combinations analyzed by Dr. Wolfe. Immersion's statements about "litigation by ambush" (Mtn. at 10) are unfounded because Immersion had notice.

      Unsurprisingly, Samsung's Invalidity Contentions also put Immersion on notice that it intended to rely on the knowledge of a POSITA in asserting its obviousness combinations. In its contentions, Samsung stated that each of the listed references (which included Stephan)

---

[7] Ex. IC–A9 to Mtn. at 2–3 (for the '846 patent); Ex. IC–C9 to Mtn. at 2–3 (for the '720 patent); Ex. IC–D9 to Mtn. at 2 (for the '181 patent).

"render[ed] the Asserted Claims invalid as obvious. In particular, each anticipatory prior art reference may be combined with (1) *information generally known to persons skilled in the art at the time of the alleged invention*, and/or (2) any of the other anticipatory prior art references." (Ex. 1 to Mtn. at 12–13, 31 ("it would have been obvious to one of ordinary skill in the art to combine any of a number of prior art references, including any combination of those prior art references identified in Appendix A *along with the knowledge of one of ordinary skill in the art* to meet the limitations of the Asserted Claims of the '846 Patent."), 49, 58.) Thus, Samsung timely disclosed its intention to present obviousness arguments based on Stephan in light of the knowledge of a POSITA.

Moreover, Immersion's implication that every detail from Dr. Wolfe's report must have been previously disclosed in Samsung's contentions is inaccurate. Invalidity contentions are intended to provide notice, but "are not intended to act as a forum for argument about the substantive issues." *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911-JRG-RSP, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016); *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. July 14, 2017) ("Infringement contentions need not disclose specific evidence nor do they require a plaintiff to prove its infringement case." (citation omitted)). As described above, Samsung's contentions put Immersion fully on notice of its invalidity theories. Accordingly, Samsung has met its obligations under the local rules and Immersion's Motion should be denied.

C.   **The Disputed Explanation is Properly Presented Expert Opinion**

Immersion's Motion essentially seeks to strike a portion of Dr. Wolfe's obviousness opinion for analyzing the knowledge and understanding of a POSITA—which Samsung previously disclosed it would rely on. However, it is well-settled that whether a claimed invention is obvious is determined through the lens of "a person having ordinary skill in the art

to which the claimed invention pertains." 35 U.S.C. § 103; *see KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 420 (2007); *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005). An important role of a technical expert in a patent case is to provide an opinion on the knowledge and understanding of a POSITA at the time of the invention. *See, e.g.*, *Phillips*, 415 F.3d at 1318. This type of expert analysis can be particularly helpful to understand how such an artisan would understand disclosures from the prior art in an obviousness analysis.

Here, the Disputed Explanation provides the knowledge of a POSITA—that such an artisan "would have found it obvious based on knowledge of the field and common sense to substitute absolute coordinate reporting for relative coordinate reporting. This substitution was commonplace in the art at the time." (Mtn. at 5.) Dr. Wolfe merely provided explanation about how a POSITA would have viewed a prior art disclosure like that of Stephan. And notably, it happens to be his very own patent that provides a compelling example of that.

The Disputed Explanation's reference to the Wolfe '930 patent is also proper as an example of the knowledge of the field and common sense to substitute absolute coordinate reporting for relative coordinate reporting. *See Pozen Inc. v. Par Pharm., Inc.*, No. 6:08-CV-437-LED-JDL, 2010 WL 11431483, at *8 (E.D. Tex. June 8, 2010) (stating that although certain references may not be used "for the purpose of invalidating the patents-in-suit, nothing prevents the experts from relying upon or otherwise citing these references in an expert report for background purposes or a discussion of the state of the art on or before the critical date for [the asserted] patents"). In short, there is a difference between using a patent to fill in gaps in the prior art, and using it to explain the knowledge of a person of ordinary skill in the art.

Immersion relies on the *Tyco Healthcare* case throughout the Motion in arguing for preclusion. (Mtn. at 6, 7, 10, 11.) However, in *Tyco Healthcare*, the court struck a portion of an

expert report that introduced new combinations and new motivations to combine them. *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *1 (E.D. Tex. Mar. 30, 2009). That contrasts with the present Motion, which seeks to strike opinion about the understanding of a POSITA as it relates to previously disclosed references (*e.g.*, Stephan). The Disputed Explanation does not seek to add a new obviousness ground like the accused infringer in *Tyco Healthcare*. Immersion cites three other cases in support of its Motion (Mtn. at 6-7), but these also dealt with the dissimilar situation of late introduction of new theories. (*See* Mtn. at 6-7.) Again, and in contrast to these cases, the Disputed Explanation does not introduce any new invalidity theories.

### D. The Fifth Circuit's *Betzel* Factors Weigh Against Striking the Disputed Explanation

Even under the Fifth Circuit *Betzel* test asserted by Immersion, the Motion should be denied. Under the first factor, *the danger of unfair prejudice to the non-movant*, Immersion argues that it suffered prejudice, but minimizes the prejudice faced by non-movant Samsung. (*See* Mtn. at 10–11.) As for the purported "prejudice" to Immersion, Samsung properly disclosed its invalidity theories, and Immersion had the full opportunity to rebut Dr. Wolfe's opinion with its own expert and through Dr. Wolfe's deposition.[8] In fact, Immersion did just that in Dr. Wolfe's deposition, questioning him extensively about the Disputed Explanation. (Ex. A (Wolfe Depo. Tr.) at 40:3–47:25, 84:5–85:4.) Immersion opted to not ask Dr. Wolfe about the Wolfe '930 patent beyond the fact that he cited it, negating any alleged prejudice related to reference of that patent. (*Id.* at 84:19–24.) Even if there was some modicum of prejudice to

---

[8] Immersion did not seek any fact deposition testimony regarding the asserted prior art that Samsung disclosed, so to claim that it was prevented from taking discovery is without basis.

Immersion, the *Betzel* factor weighs the danger of unfair prejudice to non-movant Samsung, not Immersion. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707–08 (5th Cir. 2007).

The second, third, and fifth *Betzel* factors related to delay do not favor striking the Disputed Explanation because, as explained above, there was no such delay. Finally, Immersion only briefly addresses the fourth *Betzel* factor, arguing that Samsung has other invalidity defenses. But this ignores that Stephan is part of multiple obviousness combinations, and that Immersion only disputes that a handful of limitations are not present in the prior art.[9]

## IV. CONCLUSION

Because Dr. Wolfe's Disputed Explanation properly provided the understanding of a POSITA in relation to previously disclosed material, and for the reasons stated above, Immersion's Motion should be denied.

---

[9] The fourth *Betzel* factor, introduced above, considers the possibility of a "lesser sanction" than wholesale preclusion. *See Betzel*, 480 F.3d at 707–08. Here, if the Court believes that any mention of the Wolfe '930 patent requires previous disclosure, it would be more appropriate to exclude the Wolfe '930 patent, but allow Dr. Wolfe to testify about the rest of the Disputed Explanation. This would reduce the harm to Samsung in line with the fourth *Betzel* factor.

Date: February 19, 2019                                               Respectfully submitted,

                                                                By: */s/ Stephen A. Marshall*
                                                                    Ruffin B. Cordell
                                                                    TX Bar No. 04820550
                                                                    cordell@fr.com
                                                                    Michael J. McKeon
                                                                    DC Bar No. 459780
                                                                    mckeon@fr.com
                                                                    Indranil Mukerji
                                                                    MA Bar 644059
                                                                    mukerji@fr.com
                                                                    Stephen A. Marshall
                                                                    D.C. Bar No. 1012870
                                                                    smarshall@fr.com
                                                                    Linhong Zhang
                                                                    DE Bar No. 5083
                                                                    lwzhang@fr.com
                                                                    **FISH & RICHARDSON P.C.**
                                                                    1000 Maine Avenue SW
                                                                    Suite 1000
                                                                    Washington, DC 20024
                                                                    Telephone: (202) 783-5070
                                                                    Facsimile: (202) 783-2331

                                                                    Leonard E. Davis
                                                                    TX Bar No. 05521600
                                                                    ldavis@fr.com
                                                                    du@fr.com
                                                                    Tom Gorham
                                                                    TX Bar No. 24012715
                                                                    gorham@fr.com
                                                                    **FISH & RICHARDSON P.C.**
                                                                    1717 Main Street, Suite 5000
                                                                    Dallas, TX 75201
                                                                    Telephone: (214) 747-5070
                                                                    Facsimile: (214) 747-2091

Francis J. Albert (*pro hac vice*)
CA Bar No. 247741
albert@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92150
Telephone: (858) 678-5070
Facsimile: (858) 378-5099

Bryan K. Basso
CA Bar No. 278973
basso@fr.com
**FISH & RICHARDSON P.C.**
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Tel: 713-654-5300
Fax: 713-652-0109

Melissa Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 19, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/ Stephen A. Marshall*
                                              Stephen A. Marshall