**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>               *Plaintiff,*<br><br>    v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG ELECTRONICS CO., LTD.<br><br>              *Defendants.* | Case No. 2:17-CV-00572-JRG<br>  LEAD CASE<br><br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

**IMMERSION CORPORATION'S SUR-REPLY IN OPPOSITION TO SAMSUNG
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
THE '720 AND '181 PATENTS' CERTIFICATES OF CORRECTION**

**I.     INTRODUCTION**

Samsung's reply arguments depend on the same speculation it relied on in its opening arguments.  Conspicuously absent is actual evidence of bad faith or an improper benefit to Immersion from correcting priority dates that (1) directly resulted from clerical errors by the PTO and (2) the inventors did not claim in the first place.  Samsung did not prove by clear and convincing evidence that the PTO's determinations must be reversed as a matter of law.

**II.    ARGUMENT**

Samsung's reply is rife with speculation, but speculation does not satisfy Samsung's burden.  *Friesner v. Anover Inc.*, No. 6:12CV373, 2013 WL 12125981, at *2 (E.D. Tex. Dec 2, 2013) ("conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial").  On summary judgment, all evidence must be viewed in the light most favorable to the non-movant.  *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG, 2016 WL 943601, at *1 (E.D. Tex. Mar. 17, 2016).  Samsung's reply fails to adhere to that standard.

**The mistakes were clerical errors.**  The mistakes in the priority claims in U.S. Patent No. 7,982,720 ("the '720 patent") and U.S. Patent No. 8,031,181 ("the '181 patent") originated from clerical errors made by the PTO while printing their ancestor, U.S. Patent No. 6,429,846 ("the '846 patent"), and comprise clerical errors made by Immersion's attorneys in carrying over the incorrect information from the '846 patent during prosecution of the later applications.  (Opp. at 10.)  Samsung cannot genuinely claim that such errors are not clerical.

Samsung argues, without explanation, that the errors are more similar to the second or third categories described in *Superior Fireplace*.  Not so.  The second category is "typographical mistakes not apparent to the reader *at all*, for example, a mistake resulting in another word that is spelled correctly and that reads logically in the context of the sentence." *Superior Fireplace Co.*,

270 F.3d 1358, 1370 (Fed. Cir. 2001) (emphasis added.)  The third category is mistakes "where it is apparent that a mistake has been made, but it is *unclear what the mistake is*." *Id.* (emphasis added.)  It is not the case here that the errors were not apparent "at all" or that it was "unclear what the mistake is."  The errors are apparent from reviewing the inventors' oaths filed with the '846, '720, and '181 patent applications, the ancestor '846 patent application as filed (part of the file history of the '720 and '181 patents), the printing error in the '846 patent (Samsung Ex. J at IMMR_SEC0005667-68), and the certificate of correction for the '846 patent.

Thus, these errors fall in the first category: ones that are "immediately apparent and leave no doubt what the mistake is." *Id.*  The mistake here arose because someone copied from the printed '846 patent instead of copying from the inventors' oath.  The inventors' oath and the prosecution history of the '846 patent before it was printed makes it immediately apparent that the prosecuting attorneys made a mistake, and leaves no doubt as to what the mistake was.

Samsung claims that Immersion's incorrect identification of the priority date for the '720 and '181 patents in the ITC case suggests that the mistakes are not immediately apparent. (Reply at 3.)  But mistakes are commonly overlooked *even when* they are immediately apparent, which is how mistakes get made in the first place.  This is why *Superior Fireplace*'s first category of mistakes exists—to correct errors that are "immediately apparent" but nevertheless were made and not recognized until later.  Whether the mistakes could have been recognized earlier does not alter their fundamental character or prove that they were not immediately apparent under the law.

**<u>No evidence of bad faith.</u>**  Samsung has no evidence that Immersion knew of the mistakes prior to the HTC litigation.   The timeline is as follows:

- July 19, 2011 — '720 patent issues
- Oct. 4, 2011 — '181 patent issues
- February 7, 2012 — Immersion sues Motorola in the ITC and District Court (Samsung Ex. D)

2

- March 2, 2012 — Immersion sues HTC in the ITC and District Court
- **Immersion learns of the priority claim mistakes (Samsung Exs. J & K)**
- Aug. 27, 2012 — Immersion tells HTC and Motorola that the priority date (for prior art purposes) of the '720 and '181 claims is January 19, 2000 (Samsung Ex. F. at 1-2)
- Sept. 10, 2012 — HTC files reexamination request for '720 patent, relying on "intervening" prior art and the January 19, 2000 date (Samsung Ex. N at 16)
- Sept. 26, 2012 — Immersion states in public ITC filing that the priority date (for prior art purposes) is January 19, 2000 (Samsung Ex. F. at 1-2)
- Nov. 27, 2012 — Immersion and Motorola/Google[1] settle (Samsung Ex. M)
- March 27, 2013 — ITC ALJ terminates the ITC investigation
- May 1, 2013 — District Court case against HTC reopened
- Feb. 18, 2014 — '720 reexamination ends successfully for Immersion ('720 patent, Samsung Ex. B at IMMR_SEC00002977-78)
- Feb. 11, 2015 — District Court invalidates '720 and '181 patents (Samsung Ex. T)
- March 23, 2015 — Immersion and HTC settle all but the '720, '181, and a third patent (Samsung Ex. L)
- June 21, 2016 — Federal Circuit reverses District Court and revives the '720 and '181 patents (*Immersion Corp. v. HTC Corp.*, 826 F.3d 1357 (Fed. Cir. 2016))
- Aug. 29, 2016 — Immersion-HTC District Court case ends
- Nov. 15, 2016 — Immersion files for certificate of correction for '846 patent
- Dec. 21, 2016 — Immersion files for certificate of correction for '181 patent (Samsung Ex. K)
- Dec. 22, 2016 — Immersion files for certificate of correction for '720 patent (Samsung Ex. J)

Immersion only learned of the mistakes after filing suit against HTC on March 2, 2012. (Opp. 3-4, 6.) There was no point requesting correction until 2016 for many reasons: all litigants (and the PTO) were working with a prior art cutoff of January 19, 2000 (not June 28, 1998), corrections are not retroactive in district court cases, and the patents were (temporarily) invalid.

Despite this, Samsung takes issue with the amount of time Immersion took to seek correction. (Reply at 5-6.) Even if Immersion could have sought correction sooner, timing is not evidence of bad faith, especially since 35 U.S.C. § 255 does not have a time bar provision. *Superior Fireplace*, 270 F.3d at 1371, 1380. "Could have" is not evidence of bad faith.

---

[1] Google had acquired Motorola in the interim, and so was a party to the settlement agreement.

Samsung argues that Immersion should have corrected the priority errors when Immersion filed a certificate of correction for the '720 patent for other errors in 2011. (Reply at 6-7). But Immersion did not know of the priority errors at that time.[2] (Opp. at 11; Samsung Exs. J & K.)

The *only* real effect of that the mistaken priority claims was to cause the '720 and '181 patents to expire earlier than they should: on Sept. 5, 2020 instead of March 1, 2022. But in the period from 2012-2015, the uncorrected patents were not going to expire for at least five more years, long enough not to affect any negotiations for three-year licenses. If Immersion were so calculating, holding back with a "wait-and-see" strategy, what is it that Samsung says (and proved) that Immersion was trying to get? Not better chances in litigation or reexamination, because Immersion had already committed to a January 19, 2000 effective date for the claims (instead of 1998). Not more money from licensing, because a patent that expires sooner yields *less* money, not more. Immersion got no benefit from the timing of the corrections.

On the issue of licensing, Samsung's only evidence of "extensive licensing" is two press releases about the HTC (3/23/2015) and Motorola/Google (11/27/2012) settlements. (Samsung Exs. L & M.) But both companies knew of the priority mistake when they agreed to settle the cases (Samsung Ex. F. at 1-2), both agreements included portfolio-wide licenses rather than just the '720 and '181 patents (Opp. at 12; Samsung Exs. L & M), and HTC's settlement was after the two patents were invalidated (but before the Federal Circuit reversed that decision). (Samsung Ex. T.) There could be no benefit from any "wait-and-see" strategy because, at the

---

[2] Samsung argues that "Immersion cannot explain the reason it elected not to correct the priority error with the same September 2011 CoC request, nor does it deny that it learned of the priority errors through its presuit investigation." (Reply at 7.) But Immersion did explain and did deny. Immersion did not know in September 2011 that priority correction was needed—there was no "election" not to correct it. (Opp. at 11; Samsung Exs. J & K.) Immersion denies that it learned of the priority errors through its presuit investigation in 2011, and record evidence supports that denial. (*Id.*) No evidence supports Samsung's contrary speculation. The Court should not credit Samsung's argument here, because it is based on drawing inferences against the non-movant.

time of these two licenses, the remaining life of these two patents was **shorter** than it should have been, meaning that HTC, Motorola, or any other licensee would tend to pay **less**, not more.

**Re-examination is not necessary.** On the issue of re-examination, Samsung mischaracterizes Immersion's position, stating that Immersion "admits [that] only *some* of the pertinent prior art" between June 23, 1998 and December 17, 1999 was submitted to the PTO. (Reply at 7.) Not so. Immersion stated that many of the references in this "gap" period were already before the PTO, and the fact that the Examiner did not cite a particular reference does not necessarily mean that the Examiner had no opportunity to do so. (Opp. at 14-15.) An examiner is not obligated to cite every potential prior art reference they find. MPEP § 904.03.

With respect to the "full scope" of the prior art and the Oross reference in particular, Samsung has incorrectly placed the burden on Immersion (Reply at 8) to disguise the fact that Samsung has insufficient evidence to invalidate the certificates of correction. It is not Immersion's burden to prove anything about Oross. Immersion is the non-movant. It is **Samsung's** burden to show, by clear and convincing evidence, that Oross is **more** pertinent than, and **not** duplicative of anything and everything that the PTO Examiner considered, whether it fell in the intervening period or not. Samsung has failed to do so. Neither of Samsung's experts has even attempted to compare Oross to any of the references that were considered by the Examiner. That Samsung's experts are employing Oross in three- and four-reference obviousness combinations and **not** as an anticipatory reference shows that its pertinence is suspect, particularly when the Examiner considered *seven* alleged anticipatory references in the '720 reexamination. (*See, e.g.*, Samsung Ex. N at 16; Ex. O at 31; Ex. P at 27; Ex. Q at 27.)

### III. CONCLUSION

Immersion respectfully requests that the Court deny Samsung's partial motion for summary judgment.

Dated:  March 12, 2019                                    Respectfully submitted,


/s/ *Marc David Peters*
Bryan Wilson (CA SBN 138842)
LEAD ATTORNEY
Marc David Peters (CA SBN 211725)
Albert J. Rugo (CA SBN 306134) *admitted pro hac vice*
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
Email: bwilson@mofo.com
Email: mdpeters@mofo.com
Email: arugo@mofo.com

Richard S. J. Hung (CA SBN 197425)
Christopher Robinson (CA SBN 260778)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7602
Facsimile: (415) 276-7334
Email: rhung@mofo.com
Email: ChristopherRobinson@mofo.com

Morgan Chu (CA SBN 70446)
Richard Birnholz (CA SBN 151543)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: rbirnholz@irell.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire A. Henry
Texas Bar No. 24053063
Andrea L. Fair
State Bar No. 24078488

        **WARD, SMITH &HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: 903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Attorneys for Plaintiff
Immersion Corporation*

7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 12th day of March, 2019.

    /s/ *Marc David Peters*