# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>   *Plaintiff,*<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.;<br>SAMSUNG ELECTRONICS CO., LTD.<br><br>   *Defendants.* | Case No. 2:17-CV-00572-JRG<br> LEAD CASE<br><br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

**IMMERSION CORPORATION'S SUR-REPLY IN OPPOSITION TO SAMSUNG
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF
<u>NO PRE-SUIT DAMAGES FOR THE '051 AND '332 PATENTS</u>**

Samsung's reply brief demonstrates that it fails to fully appreciate what the law requires of both Immersion and Samsung with respect to the marking requirement. Immersion's allegation that Samsung's infringement was and is willful and deliberate, with full knowledge of the patents, is sufficient to plead compliance with the marking statute. Under *Arctic Cat*, Samsung bears the initial burden of production to identify specific products that it believes should have been marked, but were not. Samsung has not met even that initial burden. And Immersion's evidence and the testimony of its employees demonstrate that Immersion did in fact make reasonable efforts to ensure compliance with the marking requirements. On this record, there is a legally sufficient evidentiary basis for a reasonable jury to find for Immersion with respect to compliance with 35 U.S.C. § 287.

## I. IMMERSION'S COMPLAINT SATISFIES THE REQUIREMENT TO PLEAD COMPLIANCE WITH THE MARKING STATUTE

Pleading that the defendant's "infringements have been willful and with full knowledge of the [patents]" satisfies a patent plaintiff's obligation to plead compliance with the marking statute. *Sentry Protection Prods., Inc. v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005) (citing *Dunlap v. Schofield*, 152 U.S. 244, 249 (1894); *see also AVID Identification Sys., Inc. v. Philips Electronics N. Am. Corp.*, No. 2:04-CV-183, 2006 WL 1408318, at *1 (E.D. Tex. May 18, 2006) (allegation that defendants "willfully and deliberately infringed" patentee's patents fulfilled "duty to plead compliance with 287(a)," consistent with *Sentry Protection*).

That is exactly what Immersion has done in this case. Immersion's Amended Complaint pleads that, "despite having knowledge of the '332 patent and also knowing that it did not have a license to the '332 patent, Samsung has continued to make, use, offer to sell, sell, and import the Accused Phones. Samsung's infringement has been, and continues to be, willful and deliberate and has caused substantial damage to Immersion." (ECF No. 68 at ¶ 55.) The Amended

Complaint contains a nearly identical statement for the '051 patent. (*Id.* at ¶ 64.) Immersion has met its pleading obligation under § 287(a).

## II. SAMSUNG HAS NOT MET ITS BURDEN UNDER *ARCTIC CAT* TO IDENTIFY SPECIFIC UNMARKED PRODUCTS THAT IT BELIEVES PRACTICE THE PATENT

Among its opening brief, reply, and its interrogatory responses, Samsung has not identified any *specific* products sold by Immersion licensees that are unmarked but also practice the '051 or the '332 patents. (ECF No. 194-4, Immersion Ex. 4, 12/7/18 Samsung Resp. to Rog. No. 18 at 18-20.) *Arctic Cat* requires that "an alleged infringer who challenges a patentee's compliance with § 287 bears an initial burden of production to identify the products it believes are unmarked 'patented articles' subject to § 287" in order to "put the patentee on notice that he or his authorized licensees sold *specific* unmarked products which the alleged infringer believes practice the patent." *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017) (emphasis added).

Samsung did not do so at any time during fact discovery. As Samsung admits, the most it did in its answer was to "point[] out that Immersion has failed 'to mark its own products' or 'to police the marking of Immersion's customers and licensees.' ECF No. 69 at 9." (Reply at 7.) That is not enough to meet *Arctic Cat*'s requirement. Which products? Samsung never said, and still does not say.

Samsung attached four licenses to its reply brief: Immersion's licenses with Apple, Motorola,[1] HTC, and LG. (Reply at 7.) But Samsung did not identify any of these licenses in its interrogatory responses during fact discovery. (ECF No. 129-4 Immersion Ex. 4, 12/7/18 Samsung Resp. to Rog. No. 18 at 18-20.) And Samsung did not identify any allegedly unmarked

---

[1] Because the Motorola license expired on November 21, 2015, it is not germane to this dispute. Samsung's infringement began after December 31, 2015, when its license with Immersion expired.

pa-1887191

products from these companies during fact discovery. And Samsung *still* has not identified a single product from one of these companies that it believes was sold under license, unmarked, and practices one or both of the '051 and '332 patents. (Reply at 7.) *Arctic Cat* warns that "[p]ermitting infringers to allege failure to mark without identifying *any* products could lead to a large scale fishing expedition and gamesmanship." *Arctic Cat*, 876 F.3d at 1368 (emphasis added). Immersion's licensees sell *many* different products—an "unbounded universe" of products, in the words of *Arctic Cat*—as anyone who has been to an Apple Store could attest. Samsung has completely ignored its obligation to identify *specific* unmarked products that it believes practice the relevant patents.

Because Samsung has not identified even one unmarked product that it claims practices the '051 and '332 patents and was sold by Immersion or an Immersion licensee, Samsung has not met its burden of production to "articulate the products it believes are unmarked 'patented articles' subject to § 287." *Id.*

### III. THE TESTIMONY OF IMMERSION EMPLOYEES ESTABLISHES COMPLIANCE WITH THE MARKING STATUTE

Samsung's motion not only ignores the quantity of evidence Immersion produced related to marking (including virtual marking), it also selectively quoted portions of the testimony of Immersion's employees to argue that Immersion did nothing with respect to marking. (Opening Br. at 8-9.) For example, Samsung boldly contends that "Immersion's fact witnesses confirmed that Immersion does not actually police any such requirements" for marking. (Reply at 7-8). Not so.

Immersion fact witness Catherine Maresh's testimony demonstrates that Immersion does in fact police its licensees. Ms. Maresh testified that "

and that

3

(ECF No. 130-1, Maresh Decl. ¶ 2; ECF No. 129-3, Ex. 3 Maresh Depo. at 97:1-11.) She also explained that in many cases

. (*Id.* at 93:4-22.) She also testified that

(*Id*. at 98:7-15.). Ms. Maresh's testimony confirms that

From this testimony and other evidence that Immersion has submitted, a reasonable jury could find in Immersion's favor with respect to the marking requirement. Summary judgment should be denied.

IV. **CONCLUSION**

Because Immersion has complied with the pleading requirement, because Samsung failed to identify a single, specific unmarked product sold by Immersion or a licensee that it believes practices the '051 and '332 patents, and because Immersion has taken reasonable steps to ensure products required to be marked are indeed marked, Samsung's motion should be denied.

Dated: March 12, 2019            Respectfully submitted,

/s/ Marc David Peters
Bryan Wilson (CA SBN 138842)
LEAD ATTORNEY
Marc David Peters (CA SBN 211725)
Albert J. Rugo (CA SBN 306134) *admitted pro hac vice*
**MORRISON & FOERSTER** LLP

755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
Email: bwilson@mofo.com
Email: mdpeters@mofo.com
Email: arugo@mofo.com

Richard S. J. Hung (CA SBN 197425)
Christopher Robinson (CA SBN 260778)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7602
Facsimile: (415) 276-7334
Email: rhung@mofo.com
Email: ChristopherRobinson@mofo.com

Morgan Chu (CA SBN 70446)
Richard Birnholz (CA SBN 151543)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: rbirnholz@irell.com

T. John Ward Jr.
Texas Bar No. 00794818
Claire A. Henry
Texas Bar No. 24053063
Andrea L. Fair
State Bar No. 24078488
**WARD, SMITH &HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: 903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Attorneys for Plaintiff*
*Immersion Corporation*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case (ECF No. 32).

/s/ Marc David Peters

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Local Rule CV-5(a)(7)(D), all counsel of record were served with a true and cored copy of the foregoing by email on this the 12th day of March, 2019.

/s/ Marc David Peters