**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| IMMERSION CORPORATION, | Case No. 2:17-CV-00572-JRG |
| *Plaintiff,* | LEAD CASE |
| v. | Case No. 2:18-cv-00055-JRG |
| SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD. | **JURY TRIAL DEMANDED** |
| *Defendants.* | |

## <u>IMMERSION CORPORATION'S MOTIONS IN LIMINE NOS. 1 THROUGH 9</u>

**Filed Under Seal Pursuant to Protective Order**

## TABLE OF CONTENTS

Page

I.     MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE OF OR
       ARGUMENT ABOUT IPR PROCEEDINGS ................................................... 1

II.    MOTION IN LIMINE NO. 2 TO EXCLUDE INTRODUCTION INTO
       EVIDENCE OR PUBLICATION TO THE JURY OF ANY OF SAMSUNG'S
       PATENTS .......................................................................................................... 2

III.   MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT AND EVIDENCE
       ABOUT ████████████████████████████████████████
       ████████████████████████████████████████.................................. 4

IV.    MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT AND EVIDENCE
       ABOUT ████████████████████████████████████████
       ██████████████████████████████.................................................... 6

V.     MOTION IN LIMINE NO. 5 TO EXCLUDE COMPARISONS BY SAMSUNG
       OF  THE ACCUSED PRODUCTS TO ANY PREFERRED EMBODIMENT (AS
       OPPOSED TO THE ASSERTED CLAIMS) ...................................................... 9

VI.    MOTION IN LIMINE NO. 6 TO EXCLUDE ANY ARGUMENT OR
       EVIDENCE REGARDING COMPARISON OF THE ACCUSED PRODUCTS
       TO THE PRIOR ART ....................................................................................... 10

VII.   MOTION IN LIMINE NO. 7 TO PROHIBIT INTRODUCTION INTO
       EVIDENCE OR PUBLICATION OF NON-CHARTED PRIOR ART......................... 10

VIII.  MOTION IN LIMINE NO. 8 TO EXCLUDE NON-INFRINGEMENT
       EVIDENCE AND ARGUMENT BASED ON FACTS NOT INCLUDED IN
       SAMSUNG'S RESPONSE TO NON-INFRINGEMENT CONTENTION
       INTERROGATORY .......................................................................................... 11

IX.    MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OR TESTIMONY
       SUGGESTING THAT AN AWARD OF DAMAGES IN THE CASE MIGHT
       DRIVE UP THE PRICE OF PRODUCTS TO END CUSTOMERS, CAUSE
       PEOPLE TO LOSE JOBS, OR HAVE OTHER SIMILAR ECONOMIC
       CONSEQUENCES ............................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
856 F.3d 1353 (Fed. Cir. 2017)................................................................................................2

*Bio-Tech. Gen. Corp. v. Genentech, Inc.*,
80 F.3d 1553 (Fed. Cir. 1996)................................................................................................3

*Bruce v. Ancra Int'l, LLC*,
2018 U.S. Dist. LEXIS 62115 (E.D. Louisiana, April 12, 2018) ...........................................13

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
807 F.3d 1283 (Fed. Cir. 2015)................................................................................................3

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys. Inc.*,
809 F.3d 1295 (Fed. Cir. 2015)..............................................................................................15

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
No. 2:13-CV-01112-JRG, 2015 WL 11089489 (E.D. Tex. Aug. 24, 2015)...........................13

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
No. 2:13-cv-01112-JRG, ECF No. 897, slip op. (E.D. Tex. Sep. 3, 2015) ..............................1

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
No. 2:14-CV-00912-JRG, ECF No. 108, slip op. (E.D. Tex. Feb. 21, 2019)......................5, 7

*Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*,
No. 2:14-cv-911-JRG-RSP, ECF No. 519, slip op. (E.D. Tex. July 12, 2016) ........................1

*Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*,
No. 2:14-cv-911-JRG-RSP, ECF No. 563, slip op. (E.D. Tex. Sept. 8, 2016).........................1

*CoreLogic Info. Sols., Inc. v. Fiserv, Inc.*,
No. 2:10-CV-132-RSP, 2012 WL 4761739 (E.D. Tex. Sept. 20, 2012) ..................................8

*Costa v. Desert Palace, Inc.*,
299 F.3d 838 (9th Cir. 2002) ..................................................................................................5

*EEOC v. Serv. Temps*,
2010 U.S. Dist. LEXIS 40063 (N.D. Tex., April 22, 2010) ...................................................12

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC,*
    No. 2:15-CV-00037-RWS-RSP, ECF No. 450, slip op. (E.D. Tex. July 25,
    2017) ................................................................................................................................11

*Ericsson, Inc. v. D-Link Sys., Inc.,*
    773 F.3d 1201 (Fed. Cir. 2014).......................................................................................14

*Flexuspine, Inc. v. Globus Medical, Inc.,*
    Case No. 6:15-cv-201, ECF No. 145 (E.D. Tex. July 6, 2016) ..................................8

*Genband US LLC v. Metaswitch Networks Corp.,*
    No. 2:14-cv-33-JRG-RSP, ECF No. 370, slip op. (E.D. Tex. Sept. 30, 2015).........................3

*HTC Corp. v. Telefonaktiebolaget LM Ericsson,*
    No. 6:18-CV-00243-JRG, ECF No. 447, slip op. (E.D. Tex. Feb. 8, 2019).............................6

*Implicit, LLC v. Trend Micro, Inc.,*
    No. 6:16-CV-00080-JRG, ECF No. 253, slip op. (E.D. Tex. Oct. 3, 2017).........................5, 7

*Intellectual Ventures I LLC v. T Mobile USA, Inc.,*
    No. 2:17-CV-577-JRG, ECF No. 297 (E.D. Tex. Jan. 3, 2019) ...........................................5, 7

*Intellectual Ventures I LLC v. T Mobile USA,*
    No. 2:17-CV-00577-JRG, ECF No. 294, slip op. (E.D. Tex. Jan. 8, 2019) ...............1, 5, 9, 10

*Johnson & Johnston Associates Inc. v. R.E. Service Co.,*
    285 F.3d 1046 (Fed. Cir. 2002)........................................................................................9

*KAIST IP US LLC v. Samsung Elecs. Co.,*
    No. 2:16-cv-01314-JRG-RSP, ECF No. 416, slip op. (E.D. Tex. May 2, 2018)..............2, 3, 9

*Kolcraft Enterprises, Inc. v. Chicco USA, Inc.,*
    No. 01:09-cv-03339, ECF No. 343, slip op. (N.D. Ill. July 16, 2018) ......................................2

*McGautha v. Jackson County, Mo., Collections Dept.,*
    36 F.3d 53 (8th Cir. 1994) ........................................................................................5

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.,*
    No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 154435 (E.D. Tex.
    Sept. 21, 2017) ..........................................................................................................14, 15

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Packet Intelligence LLC v. Netscout Sys., Inc.*,
No. 2:16-cv-230-JRG, ECF No. 228, slip op. (E.D. Tex. Sep. 29, 2017) ........................5, 6, 9

*Parthenon Unified Memory Architecture LLC v. Apple, Inc.*,
No. 2:15-cv-621-JRG-RSP, ECF No. 246, slip op. (E.D. Tex. Sept. 21, 2016).....................10

*Perdiemco, LLC v. Industrack LLC*,
No. 2:15-CV-00727-JRG-RSP, ECF No. 250, slip op. (E.D. Tex. Oct. 13,
2016) ...............................................................................................................................11

*Pers. Audio, LLC v. Apple, Inc.*,
No. 9:09CV111, 2011 WL 6148587 (E.D. Tex. June 16, 2011) ...........................................12

*Red Rock Analytics, LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:17-cv-101-RWS-RSP, ECF No. 243, slip op. (E.D. Tex. Mar. 13, 2019)....................14

*Red Rock Analytics, LLC v. Samsung Electronics Co., Ltd., et al.*,
Case No. 2:17-cv-101 (E.D. Tex., March 14, 2019)............................................................10

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
No. 2:13-cv-213-JRG-RSP, ECF No. 225, at 83:2-21 (E.D. Tex. Jan. 22,
2015) ...............................................................................................................................13

*Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*,
No. 2:13-CV-213-JRG-RSP, ECF No. 248, slip op. (E.D. Tex. Jan. 30. 2015)...............10, 13

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010)................................................................................................8

*Saint Lawrence Communications LLC v. Motorola Mobility LLC*,
Case No. 2:15-cv-00349-JRG, ECF No. 442, slip op. (E.D. Tex., Feb. 21,
2017) ...............................................................................................................................12

*Semcon IP Inc. v. Huawei Device USA Inc.*,
No. 2:16-cv-00437-JRG-RSP, ECF No. 290, slip op. (E.D. Tex. Dec. 15,
2017) ...............................................................................................................................10

*Smartflash LLC v. Apple Inc.*,
No. 6:13-cv-447-JRG-KNM, 2015 U.S. Dist. LEXIS 179336 (E.D. Tex. Jan.
29, 2015) ..........................................................................................................................14

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*St. Lawrence Commc'ns LLC v. ZTE Corp.*,
    No. 2:15-cv-349, ECF No. 458 (E.D. Tex. Mar. 2, 2017) ......................................................14

*Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*,
    951 F.2d 684 (5th Cir. 1992) ...................................................................................................5

*Zenith Elecs. Corp. v. PDI Comm. Sys. Inc.*,
    522 F.3d 1348 (Fed. Cir. 2008)...........................................................................................9, 10

*ZiiLabs, Inc. v. Samsung Elecs. Co.*,
    No. 2:14-cv-203-JRG-RSP, ECF No. 455, slip op. (E.D. Tex. Oct. 28, 2015) ........................2

**Other Authorities**

Fed. R. Civ. P. 26 ...............................................................................................................................12

Fed. R. Civ. P. 37(c) .........................................................................................................................12

Fed. R. Evid. 401 ...............................................................................................................................13

Fed. R. Evid. 402 .........................................................................................................3, 5, 6, 7, 13

Fed. R. Evid. 403 .........................................................................................................3, 5, 6, 7, 13

Plaintiff Immersion Corporation moves *in limine* to exclude argument, testimony, and evidence relating to the following nine topics.

## I.     MOTION IN LIMINE NO. 1 TO EXCLUDE ANY EVIDENCE OF OR ARGUMENT ABOUT IPR PROCEEDINGS

Immersion seeks the standard *limine* this Court issues—and that many parties agree to—to exclude argument and evidence regarding ongoing *Inter Partes* Review proceedings. Specifically, during the pendency of this action, Samsung has filed numerous petitions for IPR, some of which to date are not instituted and none of which have reached final decision. (IPR2018-01467, IPR2018-01468, IPR2018-01469, IPR2018-01470, IPR2018-01499, IPR2018-01500, IPR2018-01501, and IPR2018-01502.)  These proceedings are not relevant to the issues to be decided by the jury, and any limited probative value would be substantially outweighed by the danger of jury confusion and unfair prejudice to Immersion—a danger specifically avoided by many past decisions of this Court on this very issue.  *See, e.g.*, *Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 2:14-cv-911-JRG-RSP, ECF No. 519, slip op. at 4 (E.D. Tex. July 12, 2016) ("The parties may not refer to the existence, pendency, or outcome of post-grant proceedings at the USPTO"), report and recommendation adopted, ECF No. 563, slip op. at 1 (E.D. Tex. Sept. 8, 2016); *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-cv-01112-JRG, ECF No. 897, slip op. at 2 (E.D. Tex. Sep. 3, 2015) (precluding the parties from "any argument, evidence, testimony, insinuation, reference, or assertion to post-issuance PTO proceedings of [patentee's] patents"); *cf. Intellectual Ventures LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, ECF No. 294 slip op. at 2 (E.D. Tex. Jan. 8, 2019) ("Any Party that wishes to talk about the PTAB or IPR proceedings in any way must first approach the bench").

During meet and confer, the only purported relevance identified by Samsung was to claim interpretation.  However, this is manifestly not an issue for the jury.  While "statements

made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution disclaimer during claim construction," *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017), claim construction is not an issue for the jury, and the Court has already issued a claim construction order.  Courts in this district have rejected similar arguments from Samsung in other cases for this reason.  *See, e.g., KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-01314-JRG-RSP, ECF No. 416, slip op. at 3-4 (E.D. Tex. May 2, 2018) (rejecting arguments made in Samsung's bench memorandum on "prosecution history estoppel" because "proving infringement" and "proving invalidity" are "not . . . decision[s] on whether Defendants' prosecution history arguments or evidence may be presented to the jury"); *see also ZiiLabs, Inc. v. Samsung Elecs. Co.*, No. 2:14-cv-203-JRG-RSP, ECF No. 455, slip op. at 1 (E.D. Tex. Oct. 28, 2015) (granting motion *in limine*, as the use of the prosecution history to argue the meaning of claim language in front of the jury "carries the risk that the jury will give it undue weight because it is part of the intrinsic record").  Other district courts are in accord.  *See, e.g., Kolcraft Enterprises, Inc. v. Chicco USA, Inc.*, No. 01:09-cv-03339, ECF No. 343, slip op. at 3 (N.D. Ill. July 16, 2018) (precluding argument relating to prosecution histories "because the Court has decided the claim constructions, so the jury is not going to re-do those").

The Court therefore should exclude all evidence or argument relating to the ongoing IPR proceedings.

## II.    MOTION IN LIMINE NO. 2 TO EXCLUDE INTRODUCTION INTO EVIDENCE OR PUBLICATION TO THE JURY OF ANY OF SAMSUNG'S PATENTS

The Court should preclude argument or evidence relating to Samsung's patents, particularly those having to do with haptic feedback.  Samsung is not relying on any of its own patents as prior art.  Yet Samsung indicated during meet and confer that it may present testimony or other evidence at trial regarding its own patents, and specifically, that it has patents allegedly

within the same technological space as Immersion's asserted patents.  Such argument and

evidence has very minimal, if any, relevance, and has a very high risk of confusing the jury, for

example, by inviting the improper inference that just because Samsung has patents it somehow

cannot or should not be liable for patent infringement.  *See* Fed. R. Evid. 402 & 403.

Obtaining patents of one's own is not a defense to patent infringement.  *See, e.g.*, *Bio-

Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996).  Nor is it a good-faith

basis for a belief that one does not infringe.  *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech.

Grp., Ltd.*, 807 F.3d 1283, 1301 (Fed. Cir. 2015).  Even if Samsung does not overtly draw this

link, there can be no reason for Samsung to be telling the jury it has patents in the same space,

except on the hope that it will cause this very conclusion in the jury's mind.  For these reasons,

courts in the Eastern District of Texas frequently preclude references to a defendant's

patents.  *See, e.g.*, *KAIST IP US*, ECF No. 416, slip op. at 1-2 (precluding argument "[t]hat

Defendants cannot infringe because they have their own patents" or that "the Accused

Instrumentalities practice other patents"); *Genband US LLC v. Metaswitch Networks Corp.*, No.

2:14-cv-33-JRG-RSP, ECF No. 370, slip op. at 8 (E.D. Tex. Sept. 30, 2015) (precluding

"evidence or argument related to any . . . patent or patent application" owned by the defendant).

Nor is there any argument that Samsung's patents are relevant to damages or any other

issue in this case.  Samsung's technical expert Dr. Wolfe lists a handful of Samsung patents

related to haptic technology in his non-infringement report.  (*See* Ex. 1 at ¶¶ 58-61.)  Dr. Wolfe

provides no analysis comparing any claim of any of these patents to the accused devices, nor

does he rely on any as a prior art reference.  (*Id*.)  He briefly notes these patents only to support

the proposition that "Samsung has made its own significant contributions to the haptics

technology space over the years."  (*See id*.)  But, of course, this is not a fact relevant to any

3

party's claim or defense in this action.  Its only purpose can be to hope the jury improperly infers something about noninfringement or invalidity based on Samsung's claim it has patents in the same space as those being asserted against it.

Samsung's damages expert, Mr. Bakewell, cites five Samsung patents in one paragraph of his expert report, simply for the proposition that "Immersion's portfolio does not cover all aspects of haptics in mobile phones."  (Ex. 2 at ¶ 347.)  He does not analyze the patents or tie them to his damages opinions in any way.  Mr. Bakewell performs no analysis of the value of these patents, no analysis of whether the accused products practice these patents, and does not in any other way factor these patents into his damages calculations.  (*See id.*)

Allowing Samsung to tell the jury it has patents in the haptic space, or worse, to introduce these patents into evidence or to publish them to the jury, risks all the harms noted above, and would not tend to make any fact of consequence in this action more or less likely.  The court should exclude this irrelevant and prejudicial material from trial, including at least DTX-451 (U.S. Patent No. 8,040,224), DTX-452 (U.S. Patent No. 8,412,282), DTX-453 (U.S. Patent No. 8,494,497), DTX-726 (U.S. Patent No. 7,978,180), DTX-727 (U.S. Patent No. 8,410,917), DTX-728 (U.S. Patent No. 8,659,536), DTX-729 (U.S. Patent No. 8,928,204), DTX-730 (U.S. Patent No. 9,118,299), DTX-731 (U.S. Patent No. 9,600,984), DTX-732 (U.S. Patent No. 9,743,883), DTX-733 (U.S. Patent No. 9,880,570), DTX-734 (U.S. Patent No. 9,911,291) and any other Samsung patents.

## III.    MOTION IN LIMINE NO. 3 TO EXCLUDE ARGUMENT AND EVIDENCE ABOUT ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Immersion moves for an *in limine* order precluding Samsung from presenting evidence or argument relating to a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  These arbitration proceedings both

████████████████████████████████████████████████████████

████████████████████████████████████████. Immersion ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████. During meet

and confer, Samsung could identify no purported relevance of these proceedings to the facts to

be decided by the jury. Instead, Samsung took the position that all "background" of the parties is

properly before the jury.

Samsung's position is contrary to the Federal Rules and the law of this district. Evidence

and argument relating to prior disputes is frequently excluded under Rules 402 and 403 because

of its ability to confuse the issues and mislead the jury. *See, e.g.*, *Texas Pig Stands, Inc. v. Hard

Rock Cafe Int'l, Inc.*, 951 F.2d 684, 690 n.7 (5th Cir. 1992) (affirming exclusion of evidence and

testimony relating to prior litigation); *McGautha v. Jackson County, Mo., Collections Dept.*, 36

F.3d 53, 57 (8th Cir. 1994) (affirming exclusion of evidence relating to earlier arbitration

between the parties); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 863 (9th Cir. 2002) (same). For

this reason, this Court routinely grants motions *in limine* precluding reference to prior

proceedings or different litigation between the parties. *See, e.g.*, *Intellectual Ventures*, No. 2:17-

CV-577-JRG, ECF No. 297 at 175:6-22 (E.D Tex. Oct. 3, 2017) (granting motion *in limine* to

exclude evidence of prior litigation between parties); *Core Wireless*, No. 2:14-CV-00912-JRG,

ECF No. 108, slip op. at 3 (precluding references to foreign litigation between the parties);

*Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-00080-JRG, ECF No. 253, slip op. at 5

(precluding reference to "prior orders of other tribunals"); *Packet Intelligence LLC v. Netscout*

5

*Sys., Inc.*, No. 2:16-cv-230-JRG, ECF No. 228, slip op. at 9 (E.D. Tex. Sep. 29, 2017)

(precluding "[a]rguments, [o]pinions, and [t]estimony" regarding foreign proceedings).

███████████████████ will be a confusing, unnecessary, and irrelevant distraction.

As in other cases where courts have excluded such material, Samsung should be precluded from

presenting evidence relating ███████████. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM*

*Ericsson*, No. 6:18-CV-00243-JRG, ECF No. 447, slip op. at 7 (E.D. Tex. Feb. 8, 2019) (finding

it "improper and impermissible" for parties to represent facts "as having come from an

arbitration proceeding or bench trial").  The Court should exclude at least DTX-089 ████████

████████), DTX-195 (█████████████████), DTX-777 through DTX-780

(correspondence between parties ██████████████), and any other material or testimony

relating to ██████████.

## IV.  MOTION IN LIMINE NO. 4 TO EXCLUDE ARGUMENT AND EVIDENCE ABOUT ███████████████████████████████

The Court should exclude evidence and argument regarding a prior, unrelated lawsuit

between Samsung and Tactile Feedback Technology, LLC ("TFT") and ██████████████

██████ pursuant to Rules 402, 403 and applicable case law.  The facts regarding the TFT

lawsuit are a sideshow and as demonstrated in Immersion's pending *Daubert* motion, Samsung

fails to establish that ████████████████ is a comparable license.

In October 2014, TFT sued Samsung for infringing four U.S. patents.  Samsung

████████████████████████████████████████████████.  Immersion

████████████████████████████████████████████████

████████████████████████████████████.  Immersion nevertheless

████████████████████████████████████████████████

██████████████████████.  ████████████████████████████

████████████████████████████████████. The TFT lawsuit against Samsung proceeded until

Samsung and TFT ████████████████████████████████████████.

Immersion had no involvement ██████████████. In July 2016, ████████████████████████

███████████████████████████████████████ ████████████████

███████████████████████████████████████

Re-hashing the ins and outs of this now-settled legal dispute between Samsung and a

third party sheds no light on whether any fact of consequence in this action is more or less likely.

It only risks confusing the jury as to the issues in the present case, and would unduly complicate

and lengthen these proceedings.  As discussed in MIL No. 3, this Court often excludes evidence

and testimony about prior litigation between parties as irrelevant and prejudicial under Fed.

Rules of Evid. 402 and 403.  *See, e.g.*, *Intellectual Ventures*, ECF No. 297 at 175:6-22 (E.D. Tex.

Jan. 3, 2019) (granting motion *in limine* to exclude evidence of prior litigation between parties);

*Core Wireless*, ECF No. 108, slip op. at 3 (precluding references to foreign litigation between the

parties); *Implicit*, ECF No. 253, slip op. at 5 (precluding reference to "prior orders of other

tribunals").  Here, this principle applies with greater force as the TFT case was not even

litigation between the parties but rather between Samsung and a third party.

Samsung apparently intends to argue and offer expert testimony from its damages expert

Christopher Bakewell that this previous, unrelated patent suit between Samsung and TFT is

somehow relevant to the hypothetical negotiation.  This contention is not well taken.  As to the

███████████████████████████████████, Mr. Bakewell does not take into account in

any way how ██████████████████████████████████ would or could

have impacted the bargaining dynamics between the parties.  (*See* Ex. 2 at ¶ 279 (sole mention in

report of ███████████████████████████████████████████, with no

additional analysis).)

As to the ████████████████████ TFT and Samsung, it is not relevant

and admissible for proving a reasonable royalty.  The opinions of Samsung's damages expert

regarding the ██████████████ are subject to a pending *Daubert* motion.  (ECF Nos.

112, 131.)  As explained in that motion, Mr. Bakewell's analysis of the ████████ fails to

make any adjustments to make the license comparable to the hypothetical negotiation even

though it involves different parties, different patents, and was a settlement.  *E.g. ResQNet.com,*

*Inc. v. Lansa, Inc.*, 594 F.3d 860, 870–73 (Fed. Cir. 2010) (court erred by considering licenses

without "factual findings that accounted for the technological and economic differences between

those licenses and the [patent in suit]"); *Flexuspine, Inc. v. Globus Medical, Inc.*, Case No. 6:15-

cv-201, ECF No. 145 at 8 (E.D. Tex. July 6, 2016) (striking portions of damages report relying

on non-comparable settlement agreement).  Courts grant *in limine* motions to exclude licenses

that are not comparable to the hypothetical negotiation.  *CoreLogic Info. Sols., Inc. v. Fiserv,*

*Inc.*, No. 2:10-CV-132-RSP, 2012 WL 4761739, at *2 (E.D. Tex. Sept. 20, 2012) (granted-in-

part motion *in limine* to exclude evidence of license and settlement agreements that are not

comparable to the hypothetical negotiation).

Samsung should not be permitted to distract the jury with an irrelevant and confusing

discussion of unrelated litigation.  The ██████████████ and the details of the TFT

lawsuit should be excluded, including at least DTX-080 (correspondence with Immersion

regarding lawsuit), DTX-197 through DTX-199 (correspondence with Immersion regarding

lawsuit), DTX-204 (Samsung and TFT ██████████████), DTX-266 (Bakewell Ex. 8

(calculating damages relying on TFT ██████████████)), DTX-397 (TFT's complaint),

8

DTX-434 (May 17, 2015 order granting motion to amend docket control order), DTX-438 (Dec.

17, 2014 order granting motion to amend docket control order), DTX-440 (claim construction

hearing transcript), DTX-772 (correspondence between parties), DTX-794 (correspondence

between parties), and any other materials or testimony related to TFT.

## V.  MOTION IN LIMINE NO. 5 TO EXCLUDE COMPARISONS BY SAMSUNG OF THE ACCUSED PRODUCTS TO ANY PREFERRED EMBODIMENT (AS OPPOSED TO THE ASSERTED CLAIMS)

Samsung should be precluded from presenting argument or evidence comparing the

accused products to preferred embodiments of the patents-in-suit.  The Federal Circuit has

repeatedly emphasized that "[i]nfringement, either literally or under the doctrine of equivalents,

does not arise by comparing the accused product 'with a preferred embodiment described in the

specification, or with a commercialized embodiment of the patentee.'"  *Johnson & Johnston*

*Associates Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002) (quoting *SRI Int'l v.*

*Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985)).  For this reason, courts in the

Eastern District of Texas repeatedly grant motions *in limine* prohibiting "[c]omparing accused

products to preferred embodiments of the patents." *KAIST IP*, ECF No. 416, slip op. at 2; *see*

*also Intellectual Ventures*, ECF No. 294, slip op. at 2 (Jan. 8, 2019) (granting motion *in limine* to

exclude "any comparison of [defendant's] product to anything other than the asserted claims to

prove infringement").

## VI.  MOTION IN LIMINE NO. 6 TO EXCLUDE ANY ARGUMENT OR EVIDENCE REGARDING COMPARISON OF THE ACCUSED PRODUCTS TO THE PRIOR ART

Samsung should not be able to introduce evidence or testimony comparing the accused

products to the prior art.  Samsung was unable to identify during meet and confer any alleged

relevance or purported need to do so, and there is none.  It is well established that there is no

"practicing the prior art" defense to infringement.  *See, e.g., Zenith Elecs. Corp. v. PDI Comm.*

*Sys. Inc.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) (noting that even "proof that the prior art is

identical, in all material respects, to an allegedly infringing product cannot constitute clear and

convincing evidence of invalidity"). Accordingly, this Court routinely grants motions *in limine*

directed at precluding such improper comparisons. *See, e.g.*, *Packet Intelligence LLC v.

Netscout Sys., Inc.*, No. 2:16-cv-230-JRG, ECF No. 228, slip op. at 3 (E.D. Tex. Sept. 29, 2017);

*see also Semcon IP Inc. v. Huawei Device USA Inc.*, No. 2:16-cv-00437-JRG-RSP, ECF

No. 290, slip op. at 3 (E.D. Tex. Dec. 15, 2017); *Parthenon Unified Memory Architecture LLC v.

Apple, Inc.*, No. 2:15-cv-621-JRG-RSP, ECF No. 246, slip op. at 3 (E.D. Tex. Sept. 21, 2016);

*Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, No. 2:13-CV-213-JRG-RSP, ECF

No. 248, slip op. at 8 (E.D. Tex. Jan. 30. 2015).

## VII.   MOTION IN LIMINE NO. 7 TO PROHIBIT INTRODUCTION INTO EVIDENCE OR PUBLICATION OF NON-CHARTED PRIOR ART

As discussed in Immersion's motion to strike, Dkt. 111, Samsung improperly and

belatedly introduced argument based upon an uncharted patent (on which its technical expert, Dr.

Wolfe, is a named inventor). During the meet-and-confer process relating to these motions *in

limine*, Samsung declined to state whether it intended to show other uncharted prior art to the

jury or to provide any relevance argument for doing so. Accordingly, Immersion requests that

the Court preclude any publication, introduction into evidence, or substantive discussion of any

uncharted prior art references (including the Wolfe reference and any as-yet unidentified,

uncharted references) before the jury. As this Court has acknowledged, anything "more than a

passing reference [to uncharted prior art] may result in jury confusion . . . ." *Intellectual

Ventures*, ECF No. 294, slip op. at 4. And other decisions in the Eastern District of Texas have

reached the same result for the same reasons. *See, e.g.*, *Red Rock Analytics, LLC v. Samsung

Electronics Co., Ltd., et al.*, Case No. 2:17-cv-101 (E.D. Tex., March 14, 2019) (refusing to

allow uncharted prior art to be admitted as evidence or used as a demonstrative due to prejudice

from risk of confusion); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-

00037-RWS-RSP, ECF No. 450, slip op. at 2 (E.D. Tex. July 25, 2017) ("Defendant is precluded

from relying on uncharted prior art to prove invalidity by demonstrating that uncharted prior art

discloses or suggests elements of the asserted claims. Defendant is also precluded from

introducing uncharted prior art as an exhibit and displaying uncharted prior art as a

demonstrative . . . ."); *see also Perdiemco, LLC v. Industrack LLC*, No. 2:15-CV-00727-JRG-

RSP, ECF No. 250, slip op. at 2 (E.D. Tex. Oct. 13, 2016) (same).

## VIII.  MOTION IN LIMINE NO. 8 TO EXCLUDE NON-INFRINGEMENT EVIDENCE AND ARGUMENT BASED ON FACTS NOT INCLUDED IN SAMSUNG'S RESPONSE TO NON-INFRINGEMENT CONTENTION INTERROGATORY

Immersion seeks an *in limine* order holding Samsung to its non-infringement contentions

and ensuring that Samsung does not make non-infringement arguments based on facts not set out

in Samsung's response to Interrogatory No. 6.  Immersion believes that Samsung will attempt to

do so based on new facts in the report of Samsung's non-infringement expert Dr. Wolfe.

On January 16, 2018, Immersion propounded Interrogatory No. 6 on Samsung, asking

Samsung to describe the factual basis for any contention by Samsung that any accused product

does not infringe any asserted claim.  (Ex. 3.)  Samsung most recently supplemented its response

to this interrogatory on December 7, 2019.  (Ex. 4.)  By that time Samsung had been on notice of

Immersion's infringement contentions for more than a year, including Immersion's identification

of the "two regions" in Samsung's accused products relevant to the asserted claims of the '846,

'720 and '181 patents.  Samsung's interrogatory response did not identify any facts allegedly

demonstrating that any claim limitation was not met.  Instead, Samsung merely listed claim

limitations that it contended it did not practice.  (Ex. 4.)

11

A month later, on January 16, 2019, when it served its non-infringement report and after Immersion served its infringement expert reports, Samsung for the first time sought to rely on new facts in support of a non-infringement argument.  In particular, Samsung sought to contest the "two regions" limitations of the '846, '720 and '181 patents on the ground that, according to Samsung, ███████████████████████████████████████████████████████████████

████████████████████████.  (Ex. 1 at ¶¶ 184-186.)  Samsung could have, and did not, disclose this alleged fact during fact discovery.

Immersion was substantially prejudiced by Samsung's failure to disclose these alleged facts in its interrogatory response, including because Immersion had no opportunity to depose Samsung witnesses about the alleged facts and because Immersion's experts did not have the opportunity to respond to them in Immersion's affirmative expert reports on infringement.  This evidence therefore should be precluded under Fed. R. Civ. P. 26 and 37(c).  Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless"); *see also, e.g.*, *Pers. Audio, LLC v. Apple, Inc.*, No. 9:09CV111, 2011 WL 6148587, at *5 (E.D. Tex. June 16, 2011) (precluding defendant under FRCP 37(c) from relying on or discussing documents and objects produced after close of fact discovery); *Saint Lawrence Communications LLC v. Motorola Mobility LLC*, Case No. 2:15-cv-00349-JRG, ECF No. 442, slip op. at 2 (E.D. Tex., Feb. 21, 2017) (striking expert opinions on non-infringing alternatives that were not disclosed in interrogatory responses); *EEOC v. Serv. Temps*, 2010 U.S. Dist. LEXIS 40063 at *22-28 (N.D. Tex., April 22, 2010) (granting *in limine* motion requiring plaintiff to make a showing under Rule 37(c) before being allowed to suggest a specific damages amount where underlying

information was not disclosed in fact discovery); *Bruce v. Ancra Int'l, LLC*, 2018 U.S. Dist.

LEXIS 62115 at *6-7 (E.D. Louisiana, April 12, 2018) (granting *in limine* motion to exclude

evidence that was not disclosed in fact discovery because "[t]he presumptive sanction under Rule

37(c)(1) for the failure to disclose is exclusion.").

## IX.   MOTION IN LIMINE NO. 9 TO EXCLUDE EVIDENCE OR TESTIMONY SUGGESTING THAT AN AWARD OF DAMAGES IN THE CASE MIGHT DRIVE UP THE PRICE OF PRODUCTS TO END CUSTOMERS, CAUSE PEOPLE TO LOSE JOBS, OR HAVE OTHER SIMILAR ECONOMIC CONSEQUENCES

The Court should preclude Samsung from presenting evidence or argument suggesting

that an award of damages may drive up the price of products to end customers, cause people to

lose jobs, or have other similar economic consequences.

This Court has repeatedly held—and indeed many defendants (including Samsung) have

acknowledged by agreement—evidence or argument about the impact to a Defendant's

employees or customers is irrelevant, and its probative value is outweighed by the danger of

unfair prejudice, confusion of the issues, and misleading the jury.  *See* FRE 401, 402 and 403;

*see, e.g.*, *Rembrandt*, No. 2:13-cv-213-JRG-RSP, ECF No. 225, at 83:2-21 (Jan. 22, 2015)

(Samsung agreeing in response to Court's question that "there won't be any argument that a

damage award in this case would endanger your company or negatively impact employees or

customers" and Court stating Samsung should have no problem so long as it does not "raise the

specter that a certain damages award in this case would threaten the financial viability of

Samsung or negatively impact employees or customers"); *Rembrandt*, No. 2:13-cv-213-JRG-

RSP, ECF No. 248, slip op. at 5 (Jan. 31, 2015) (order on *limine*).[1]

---

[1] *See also ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-01112-JRG, 2015 WL 11089489, at *2 (E.D. Tex. Aug. 24, 2015) (precluding evidence or argument "to the possible consequences of a verdict in any parties' favor, including the possible issuance of an injunction, an award of enhanced damages, an award of attorney's fees, or arguments that a

13

Through the parties' meet-and-confers, Samsung indicated they opposed this *limine* because Samsung essentially wants to make a royalty stacking argument, specifically, to argue it was ███████████████████████████████████████████████████████████ ██████. But like here, where there is no evidence of other royalties Samsung is paying or has been requested to pay on the accused products and there is no technical expert supporting the applicability of specific other patents that read on the accused products, a royalty stacking argument is likewise impermissible. *See Red Rock Analytics, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:17-cv-101-RWS-RSP, ECF No. 243, slip op. at 2 (E.D. Tex. Mar. 13, 2019) (granting *limine* "that Samsung shall not present royalty stacking arguments"); *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 U.S. Dist. LEXIS 154435, at *10-11 (E.D. Tex. Sept. 21, 2017) (striking damages expert's royalty stacking arguments because defendant identified no specific requests or actual royalties on the accused products); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) (royalty stacking not an issue "*unless the accused infringer presents actual evidence of hold-up or stacking*. Certainly something more than a general argument that these phenomena are possibilities is necessary." (emphasis added)).[2]

---

verdict would result in (1) consumers paying more for devices; (2) the economy being negatively impacted; (3) an injunction or the method of use no longer being available for use; or (4) firings or layoffs"); *St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-349, ECF No. 458, at 2 (E.D. Tex. Mar. 2, 2017) (granting by agreement *limine* covering "Suggestion that Damages Awards May Drive up the Price of Products, put any Manufacturers out of Business, or Cause Jobs to be Lost"); *Smartflash LLC v. Apple Inc.*, No. 6:13-cv-447-JRG-KNM, 2015 U.S. Dist. LEXIS 179336, at * 9 (E.D. Tex. Jan. 29, 2015) (granting *limine* based on Apple's representation it would not say, imply, or suggest that a judgment in this case or award of damages would cause a disruption in Apple's business or cause a burden to its operations").

[2] Samsung's damages expert, Mr. Chris Bakewell, identifies five patents that result from a Google search and mentions Samsung's technical experts "confirmed there are many other patents related to haptics besides the patents-in-suit," but this is insufficient. *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys. Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("abstract

Dated: March 15, 2019

Respectfully submitted,

/s/ *Bryan Wilson*
Bryan Wilson (CA SBN 138842)
LEAD ATTORNEY
Marc David Peters (CA SBN 211725)
Albert J. Rugo (CA SBN 306134) *admitted pro hac vice*
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
Email: bwilson@mofo.com
Email: mdpeters@mofo.com
Email: arugo@mofo.com

Richard S. J. Hung (CA SBN 197425)
Christopher Robinson (CA SBN 260778)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7602
Facsimile: (415) 276-7334
Email: rhung@mofo.com
Email: ChristopherRobinson@mofo.com

Morgan Chu (CA SBN 70446)
Richard Birnholz (CA SBN 151543)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
Email: mchu@irell.com
Email: rbirnholz@irell.com

---

recitations of royalty stacking theory, and qualitative testimony that an invention is valuable—without being anchored to a quantitative market valuation—are insufficiently reliable."). Samsung has no specifically identified demands for royalty payments (*see Network-1*, 2017 U.S. Dist. LEXIS 154435, at *10-11).  Nor does Mr. Bakewell even suggest the technical experts' statements support application of other patents **to the accused products**.  At a minimum, a damages expert's Google search and generic statements about other haptic patents is insufficient to allow an argument about the impact of paying Immerison royalties in this case impacting Samsung's business, its employees, or its customers.

15

T. John Ward Jr.
Texas Bar No. 00794818
Claire A. Henry
Texas Bar No. 24053063
Andrea L. Fair
State Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: 903/757-6400
Fax: 903/757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

*Attorneys for Plaintiff*
*Immersion Corporation*

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Pursuant to Local Rule CV-5(a)(7)(D), all counsel of record were served with a true and cored copy of the foregoing by email on this the 15th day of March, 2019.

/s/ *Bryan Wilson*
Bryan Wilson

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that on January 3, 2018 this Court entered a Protective Order (Dkt. No. 32) which authorizes filing the attached documents under seal.

/s/ *Bryan Wilson*
Bryan Wilson

## CERTIFICATE OF CONFERERNCE

Pursuant to Local Rule CV-7(i), the undersigned certifies that counsel for Plaintiff has met and conferred with counsel for Defendants in accordance with Local Rule CV-7(h).  In particular, counsel met and conferred regarding the substance of these motions by telephone on February 28, March 5, and March 8, 2019.  No agreement was reached, and counsel for Defendants indicated that the Defendants are opposed to the relief sought in these motions.  The discussions have conclusively ended in an impasse, leaving open issues for the court to resolve.

/s/ *Bryan Wilson*
Bryan Wilson