# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>　　　　Defendants. | Case No. 2:17-cv-00572-JRG<br>(LEAD CASE)<br><br>Case No. 2:18-cv-00055-JRG<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT SAMSUNG'S
## NOTICE OF OUTSTANDING EXHIBIT OBJECTIONS

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

In an effort to narrow the issues before the Court at the April 22, 2019 pre-trial conference, Samsung submits this update on the status of the parties' meet and confer efforts, and summary of unresolved exhibit objections. Samsung and Immersion have met and conferred telephonically and by email regarding both parties' exhibit lists and exhibit objections, and both parties have agreed to withdraw certain exhibits and objections.

Samsung's amended objections to Immersion's exhibit list is attached as Exhibit A.[1] Samsung's amended exhibit list is attached as Exhibit B.

In accordance with the instructions received from the Court, Samsung will coordinate with Immersion to provide a proposed order for discussion of these exhibit objections by 8:00 am on April 22, 2019, along with an identification of the attorney who will argue each category.

I.    **IMMERSION'S OBJECTIONS TO SAMSUNG'S EXHIBITS**

Samsung seeks to pre-admit exhibits reflected in Exhibit B. The pre-admission of the exhibits or categories of exhibits that are disputed by Immersion are set forth below, as set forth in Immersion's exhibit objection categories of April 9, 2019.

   A.   **IPR Documents (DTX-646, DTX-724, DTX-725)**

Samsung's Position: During the parties' telephonic meet and confer, Immersion represented that its objection to this category of documents is related to Immersion's pending Motion *in Limine* No. 1 (Dkt. 152). As set forth in Samsung's opposition thereto (Dkt. 160), statements made by Immersion or its experts during Patent Office proceedings should be presented to the jury as mere prosecution history.

---

[1] Samsung's amended objections in Exhibit A are based, in part, on Immersion's representations to drop certain exhibits on the parties' telephonic meet and confer. Samsung reserves the right to re-object should Immersion not drop these exhibits.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

  B.  **Irrelevant Patents**

    1.  **Samsung's Haptic Patents (DTX-451, DTX-452, DTX-453, DTX-726, DTX-727, DTX-728, DTX-729, DTX-730, DTX-731, DTX-732, DTX-733, DTX-734)**

<u>Samsung's Position</u>: During the parties' telephonic meet and confer, Immersion represented that its objection to this category of documents is related to Immersion's pending Motion *in Limine* No. 2 (Dkt. 152). As set forth in Samsung's opposition thereto (Dkt. 160), Samsung's haptic patents are relevant to damages by demonstrating Samsung's contribution to the haptics field and that Immersion's patents are not coextensive with haptics generally.

    2.  **Immersion's Non-Asserted Patents (DTX-764, DTX-765)**

<u>Samsung's Position</u>: During the parties' telephonic meet and confer, Immersion's sole articulated basis for this category of objections related to the length and volume of the exhibits. As a compromise, Samsung provided excerpted versions of these file histories to limit them to the portions relied upon by its experts. Samsung understand that Immersion is still considering Samsung's proposal. However, Samsung is confident that this category of objections can be resolved by the parties.

Immersion's representations to the Patent Office in related patents are relevant and pose little to no risk of jury confusion. Samsung's technical expert, Dr. Andrew Wolfe, references DTX-764 (U.S. Patent No. 7,592,999 File History) and DTX-765 (U.S. Patent No. 7,728,820 File History) in his expert report to demonstrate the inconsistencies with Immersion's expert's interpretation of the term "directly" and Immersion's representations to the Patent Office in prosecution of related patents.

      **3.**    **Uncharted Art (DTX-611, DTX-612, DTX-613, DTX-614, DTX-641, DTX-462, DTX-643, DTX-766, DTX-767)**

Samsung's Position: During the parties' telephonic meet and confer, Immersion represented that its objection to this category of documents is related to Immersion's pending Motion *in Limine* No. 7 (Dkt. 152). As set forth in Samsung's opposition thereto (Dkt. 160), "uncharted" prior art is relevant to demonstrate the state of the art and the knowledge of a person of ordinary skill in the art with respect to the asserted (as well as the prosecution history of the asserted patents and related patents).

    **C.**    ██████ **Documents (DTX-89, DTX-93, DTX-176, DTX-195, DTX-441, DTX-449, DTX-777, DTX-778, DTX-779, DTX-780, DTX-783, DTX-784)**

Samsung's Position: During the parties' telephonic meet and confer, Immersion represented that its objection to this category of documents is related to Immersion's pending Motion *in Limine* No. 3 (Dkt. 152). As set forth in Samsung's opposition thereto (Dkt. 160), ██ ██████████████████████████████████████████████████████████ are relevant to not only damages (*e.g.*, the bargaining positions of the parties), but also to rebut willfulness (*e.g.*, Samsung's good faith negotiation).

    **D.**    **Documents Related to TFT Litigation (DTX-80, DTX-197, DTX-198, DTX-199, DTX-204, DTX-266, DTX-397, DTX-434, DTX-438, DTX-440, DTX-771, DTX-772, DTX-773, DTX-794)**

Samsung's Position: During the parties' telephonic meet and confer, Immersion represented that its objection to this category of documents is related to Immersion's pending Motion *in Limine* No. 4 (Dkt. 152). As set forth in Samsung's opposition thereto (Dkt. 160), the TFT litigation, ████████████████████████ are relevant to damages (*e.g.*, as a comparable licenses and the bargaining positions of the parties), but also to rebut Immersion's attempts to ████████████████████████████████████ ████████████████████████.

E.    **Prior Licensing Documents**

1.    **Immersion/Samsung (DTX-226, DTX-233)**

Samsung's Position:  During the parties' telephonic meet and confer, Immersion agreed to reconsider its objection to the Samsung/Immersion 2010 and 2013 licenses (the latter of which is discussed at great length in the expert reports of both parties' damages experts and both of which are on Immersion's exhibit list).  Samsung's prior licenses with Immersion are highly relevant to damages.  To date, Immersion has not provided an update regarding its position.  However, Samsung is confident that this category of objections can be resolved by the parties.

2.    **Third Party Licenses/Presentations (DTX-205, DTX-206, DTX-207, DTX-565)**

Samsung's Position:  During the parties' telephonic meet and confer, both parties agreed that a number of third party licenses that are not discussed in detail in the expert reports of each party's damages expert should be withdrawn to simplify the issues for the jury.  As a result, Samsung has agreed to withdraw numerous third party licenses that were previously captured by this category.  Those that remain, however, are relevant and pose little risk of jury confusion.

DTX-205, DTX-206, and DTX-207 are license agreements between Immersion and a third party (█████ and are relevant to damages as they reflect ███████████████ ██████████████████████████████.  These licenses are discussed in the rebuttal report of Samsung's damages expert Mr. Chris Bakewell, and Immersion did not move to strike the portions of his report that address these licenses.

F.    **Settlement/Licensing Documents Subject to FRE 408 (DTX-76, DTX-77, DTX-78, DTX-79, DTX-081, DTX-082, DTX-83, DTX-84, DTX-85, DTX-86, DTX-87, DTX-88, DTX-193, DTX-194, DTX-229, DTX-235, DTX-567, DTX-795, DTX-796, DTX-797)**

Samsung's Position:  During the parties' telephonic meet and confer, the parties agreed that Rule 408 licensing discussions should not be admitted (except Immersion proposed to

5

include one set of claim charts, which Samsung addresses in Section II.B, below). As a result, Samsung offered to withdraw DTX-76, DTX-77, DTX-78, DTX-79, DTX-081, DTX-082, DTX-83, DTX-84, DTX-85, DTX-86, DTX-87, DTX-88, DTX-193, DTX-194, DTX-229, DTX-235, DTX-567, DTX-795, DTX-796, and DTX-797, if Immersion agreed to withdraw all of the exhibits addressed in Section II.B, below. Given that Immersion has not agreed to withdraw all of the exhibits listed in that category, Samsung should be permitted to offer rebuttal exhibits as a matter of fairness. However, to the extent that the exhibits listed in Section II.B are not admitted, Samsung will withdraw the exhibits in this category.

G. **Documents Related to Other Litigation (DTX-217, DTX-218, DTX-231, DTX-232, DTX-388, DTX-391, DTX-392, DTX-393, DTX-394, DTX-395, DTX-396, DTX-397, DTX-398, DTX-403, DTX-424, DTX-425, DTX-426, DTX-433, DTX-435, DTX-436, DTX-437, DTX-448)**

Samsung's Position: During the parties' telephonic meet and confer, Samsung agreed to withdraw DTX-217, DTX-218, DTX-231, DTX-232, DTX-388, DTX-391, DTX-392, DTX-393, DTX-394, DTX-395, DTX-396, DTX-397, DTX-398, DTX-403, DTX-424, DTX-425, DTX-426, DTX-433, DTX-435, DTX-436, DTX-437, and DTX-448 if Immersion agreed to not challenge the dates and sequence of events represented in the listed documents. To date, Immersion has not responded to this proposal. However, Samsung is confident that this category of objections can be resolved by the parties.

H. **Samsung's Expert's Exhibits to Their Expert Reports (DTX-256, DTX-257, DTX-258, DTX-259, DTX-268, DTX-269, DTX-270, DTX-271, DTX-272, DTX-596, DTX-597, DTX-598, DTX-602, DTX-604, DTX-645)**

Samsung's Position: During the parties' telephonic meet and confer, the parties agreed to withdraw numerous exhibits to expert reports. In addition, this category includes several outstanding sub-categories, addressed below.

*CVs:* During the parties' telephonic meet and confer, the parties agreed that DTX-247, DTX-588, and DTX-615 are proper exhibits—expert witness CVs. Immersion has not yet confirmed in writing its agreement; however, Samsung is confident that this category of objections can be resolved by the parties.

*Rule 1006 Summaries:* Samsung proposes that DTX-256, DTX-257, DTX-258, DTX-259, DTX-268, DTX-269, DTX-270, DTX-271, and DTX-272 be treated as Fed. R. Evid. 1006 summaries of voluminous records. These exhibits do not contain characterizations or opinions but rather summarize numerous documents in a manner that will assist the jury. Immersion has not yet responded to this proposal. However, Samsung is confident that this category of objections can be resolved by the parties.

*Periodicals:* DTX-596, DTX-597, DTX-598, DTX-602, and DTX-604 are relevant periodicals and/or learned treatises relied upon by Samsung's technical expert Dr. Bederson used in his opening expert report and are highly relevant to substantiate his opinions on the state of the art of the asserted patents.

*Photographs:* DTX-645 is a relevant compilation of photographs and screenshots created by Samsung's technical expert Dr. Wolfe. This complication is a substantive exhibit created by Dr. Wolfe regarding the operation and components of the accused products and cited in his rebuttal report.

**I. Articles, Press Releases**

1. **Third Party, Immersion Articles and Press Releases (DTX-276, DTX-277, DTX-278, DTX-279, DTX-282, DTX-283, DTX-284, DTX-285, DTX-287, DTX-288, DTX-289, DTX-290, DTX-291, DTX-292, DTX-293, DTX-294, DTX-295, DTX-296, DTX-297, DTX-298, DTX-299, DTX-300, DTX-301, DTX-302, DTX-303, DTX-304, DTX-305, DTX-306, DTX-307, DTX-308, DTX-309, DTX-310, DTX-311, DTX-313, DTX-314, DTX-315, DTX-316, DTX-317, DTX-318, DTX-319, DTX-320, DTX-321, DTX-322, DTX-323, DTX-324, DTX-325, DTX-326, DTX-327, DTX-328, DTX-329, DTX-330, DTX-331, DTX-332, DTX-**

> **333, DTX-334, DTX-335, DTX-336, DTX-337, DTX-338, DTX-339, DTX-340, DTX-341, DTX-342, DTX-347, DTX-348, DTX-349, DTX-350, DTX-352, DTX-353, DTX-354, DTX-356, DTX-357, DTX-359, DTX-360, DTX-361, DTX-362, DTX-363, DTX-364, DTX-367, DTX-368, DTX-369, DTX-370, DTX-371, DTX-372, DTX-373, DTX-374, DTX-375, DTX-376, DTX-377, DTX-378, DTX-379, DTX-380, DTX-381, DTX-382, DTX-383, DTX-384, DTX-386, DTX-389, DTX-427, DTX-428, DTX-429, DTX-430, DTX-431, DTX-432, DTX-442, DTX-443, DTX-450, DTX-454, DTX-455, DTX-456, DTX-457, DTX-710, DTX-711, DTX-714)**

<u>Samsung's Position</u>: During the parties' telephonic meet-and-confer, Immersion's primary objection to this category of exhibits was volume and jury confusion. In an effort to compromise, Samsung proposed to withdraw dozens of exhibits. Specifically, although relevant, admissible, and relied upon by experts, Samsung proposed to withdraw DTX-282, DTX-283, DTX-284, DTX-285, DTX-287, DTX-288, DTX-289, DTX-290, DTX-292, DTX-294, DTX-295, DTX-296, DTX-297, DTX-299, DTX-300, DTX-301, DTX-302, DTX-304, DTX-306, DTX-307, DTX-308, DTX-309, DTX-310, DTX-311, DTX-314, DTX-315, DTX-317, DTX-319, DTX-320, DTX-321, DTX-322, DTX-323, DTX-324, DTX-325, DTX-326, DTX-327, DTX-328, DTX-330, DTX-331, DTX-332, DTX-333, DTX-335, DTX-336, DTX-339, DTX-340, DTX-341, DTX-342, DTX-347, DTX-348, DTX-349, DTX-350, DTX-354, DTX-356, DTX-360, DTX-362, DTX-363, DTX-364, DTX-367, DTX-368, DTX-371, DTX-372, DTX-373, DTX-374, DTX-375, DTX-376, DTX-380, DTX-381, DTX-382, DTX-383, DTX-386, DTX-389, DTX-427, DTX-428, DTX-429, DTX-430, DTX-432, DTX-442, DTX-443, and DTX-450, as a compromise if Immersion agreed to withdraw its objections to the remaining documents relied upon by Dr. Wolfe and Mr. Bakewell as set forth in the following paragraph.

Articles and press releases considered by Samsung's experts are relevant and admissible under at least the learned treatise exception to the hearsay rule. *See* Fed. R. Evid. 803(18). DTX-710, DTX-711, and DTX-714 are periodicals and/or learned treatises relied upon by Dr.

8

Wolfe in his rebuttal report. DTX-276, DTX-277, DTX-278, DTX-279, DTX-291, DTX-2923 DTX-298, DTX-303, DTX-305, DTX-313, DTX-316, DTX-318, DTX-329, DTX-334, DTX-337, DTX-338, DTX-352, DTX-353, DTX-357, DTX-359, DTX-361, DTX-369, DTX-370, DTX-377, DTX-378, DTX-379, DTX-384, DTX-431, DTX-454, DTX-455, DTX-456, and DTX-457 are relevant periodicals and/or learned treatises relied upon by Mr. Bakewell in his rebuttal report.

Samsung is confident that this category of objections can be resolved by the parties.

    **2.    Samsung Press Releases and Articles (DTX-280, DTX-281, DTX-286, DTX-312, DTX-344, DTX-345, DTX-346, DTX-351, DTX-355, DTX-358, DTX-385, DTX-446)**

<u>Samsung's Position</u>: DTX-280, DTX-281, DTX-351, DTX-355, DTX-358, DTX-385, and DTX-446 are relevant periodicals and/or learned treatises relied upon by Mr. Bakewell in his rebuttal report. Samsung agreed to withdraw DTX-286, DTX-312, DTX-344, DTX-345, and DTX-346, as a compromise if Immersion agreed to withdraw its objections to the above documents relied upon by Mr. Bakewell. Immersion has not yet responded to this proposal.

    **J.    Royalty Reports or Accounting Data (DTX-90, DTX-91, DTX-92, DTX-586)**

<u>Samsung's Position</u>: During the parties' telephonic meet and confer, the parties agreed that royalty reports between Samsung and Immersion are relevant and admissible. Immersion has not yet confirmed withdrawal of its objections related to this category. However, Samsung is confident that this category of objections can be resolved by the parties.

    **K.    Irrelevant Documents**

    **1.    Samsung Documents (DTX-24, DTX-94, DTX-95, DTX-96, DTX-97, DTX-98, DTX-99, DTX-100, DTX-101, DTX-102, DTX-103, DTX-104, DTX-105, DTX-106, DTX-107, DTX-108, DTX-154, DTX-647, DTX-648, DTX-709, DTX-712, DTX-713, DTX-723, DTX-725, DTX-781, DTX-782, DTX-785, DTX-786, DTX-787, DTX-788, DTX-789, DTX-790, DTX-791, DTX-792, DTX-793, DTX-798, DTX-799)**

Samsung's Position:  Immersion identified a large number of documents as "irrelevant" without further explanation or categorization.  Immersion agreed to review this catch-all category of documents to create more granular categories that can be addressed more effectively.  To date, Immersion has not done so.  The parties will continue to confer regarding this category of objections.

> 2. **Immersion Documents (DTX-112, DTX-113, DTX-114, DTX-115, DTX-115, DTX-116, DTX-117, DTX-118, DTX-119, DTX-120, DTX-121, DTX-122, DTX-123, DTX-124, DTX-125, DTX-126, DTX-127, DTX-128, DTX-129, DTX-130, DTX-131, DTX-132, DTX-134, DTX-135, DTX-136, DTX-138, DTX-140, DTX-155, DTX-164, DTX-165, DTX-177, DTX-178, DTX-179, DTX-180, DTX-184, DTX_185, DTX-186, DTX-187, DTX-191, DTX-192, DTX-203, DTX-211, DTX-212, DTX-213, DTX-214, DTX-220, DTX-221, DTX-222, DTX-223, DTX-224, DTX-225, DTX-230, DTX-236, DTX-514, DTX-529, DTX-557, DTX-559, DTX-561, DTX-568, DTX-744, DTX-745, DTX-746, DTX-774, DTX-775)**

Samsung's Position:  Immersion identified a large number of documents as "irrelevant" without further explanation or categorization.  Immersion agreed to review this catch-all category of documents to create more granular categories that can be addressed more effectively.  To date, Immersion has not done so.  The parties will continue to confer regarding this category of objections.

II.     **SAMSUNG'S OBJECTIONS TO IMMERSION'S EXHIBITS**

Immersion seeks to pre-admit exhibits reflected in Exhibit A.  The pre-admission of the exhibits or categories of exhibits that are disputed by Samsung are set forth below.  Samsung reserves objections for lack of foundation for trial.

    A.     **Immersion Agreements/Licenses (PX90, PX103*, PX105*, PX109*, PX110*, PX116*, PX128*, PX129*, PX130*, PX131*, PX132*, PX133*, PX134*, PX135*, PX136*, PX137*, PX138*, PX828, PX829, PX830)**

<u>Samsung's Position</u>:  Immersion has included numerous licenses on its exhibit list that were not addressed in detail by either party's experts.  Although Immersion agreed to withdraw many such licenses, several remain that were not addressed in detail by either party's experts.  Specifically, PX90 is a license with ▇▇▇▇▇▇▇ and PX828 through PX830 are licenses with ▇▇▇▇▇▇▇ neither category of which are addressed in the body of Immersion's expert Dr. Patrick Kennedy's report on damages.  Without sufficient explanation, these licenses will be confusing to the jury and they are cumulative of numerous other licenses to which Samsung does not object.

Samsung's objections to the exhibits listed in above with an * should be excluded for the reasons set forth in Samsung's *Daubert* motion (Dkt. 110), as portfolio licenses without a reliable apportionment methodology.

    B.     **Immersion Licensing Presentations to Samsung (PX182, PX550, PX570)**

<u>Samsung's Position</u>:  Immersion has included on its exhibit list several documents that reflect offers to compromise subject to Fed. R. Evid. 408, or which are unduly prejudicial and constitute hearsay.  PX182 is an infringement presentation from Immersion to Samsung that is marked as subject to Rule 408.  PX550 reflects licensing negotiations and includes ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ PX570 contains a

11

summary of Samsung's offers to Immersion. These offers are inadmissible as Rule 408 offers to compromise.

        **C.**      **Expert Report Charts, Exhibits (PX347, PX348)**

<u>Samsung's Position</u>:  The parties have agreed to withdraw most expert report charts and exhibits to expert reports as inadmissible hearsay, but agreed to allow some expert report exhibits into evidence as Fed. R. Evid. 1006 summaries. However, PX347 and PX348, exhibits to Immersion's technical expert Dr. Howe's expert report, are not 1006 summaries as they contain commentary such as "[t]he touch display modules in the accused devices meet the Court's construction of 'touch screen'" (PX347 at 1) and "[t]he touch screens of the accused Samsung devices have approximately planar touch surfaces" (PX348 at 1). These expert opinions embedded in the documents prevent PX347 and PX348 from being proper evidence under FRE 1006.

        **D.**      **Articles, Press Releases**

                **1.**      **Third Party, Samsung Articles (PX542, PX673, PX677, PX691, PX873, PX880, PX881, PX883)**

<u>Samsung's Position</u>:  Samsung objects to these documents as inadmissible hearsay and as likely to confuse a jury as to the veracity of the information contained in these article and press releases. However, as noted above for a similar category for Samsung's exhibits (Section I.I. – Articles, Press Releases), Samsung is willing to withdraw its objections to these documents if Immersion does the same for similar exhibits on Samsung's exhibit list as to at least the learned treatise exception to the hearsay rule. *See* Fed. R. Evid. 803(18).

Samsung is confident that this category of objections can be resolved by the parties.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

      2.      **Immersion Press Releases, Articles (PX330, PX675)**

<u>Samsung's Position</u>:  Even though these documents are announcements from Immersion, Samsung objects to these documents as inadmissible hearsay and as likely to confuse a jury. However, as noted above in for a similar category for Samsung's exhibits (Section 1.I. – Articles, Press Releases), Samsung is willing to withdraw its objections to these documents if Immersion does the same for similar exhibits on Samsung's exhibit list as to at least the learned treatise exception to the hearsay rule.  *See* Fed. R. Evid. 803(18).

Samsung is confident that this category of objections can be resolved by the parties.

    E.      **Prejudicial Emails (PX605)**

<u>Samsung's Position</u>:  The parties have conferred and narrowed their dispute regarding emails down to a single exhibit, PX608.  In this email, former Immersion CFO Nancy Erba provides talking points for a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  For the reasons set forth in Samsung's opposition (Dkt. 160) to Immersion's Motion *in Limine* No. 1, statements that a patent has survived IPR challenges and are stronger as a result should be excluded (or, to the extent permitted, Samsung should be able to address other IPRs as well—including those instituted against the asserted patents).

    F.      **Foreign Language Documents Without Certified Translations (PX353, PX354, PX373, PX384, PX393, PX394, PX402, PX444, PX459)**

<u>Samsung's Position</u>:  Samsung objects to these document as requiring foreign translation before being entered into evidence.  More specifically, these documents are Samsung bills of materials for accused products in table form and contain many column titles in Korean language. These need to be translated for the jury to understand the numbers and descriptions in the tables.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

    **G.    1006 Summaries (PX751, PX752, PX753, PX754, PX755, PX756, PX757, PX758, PX759, PX760, PX761, PX762, PX763, PX764, PX765, PX766)**

<u>Samsung's Position</u>:  The parties are continuing to confer regarding Samsung's procedural objections regarding Immersion's Fed. R. Evid. 1006 summaries.  Samsung's objection is that the first page of each of PX751, PX752, PX753, PX754, PX755, PX756, PX757, PX758, PX759, PX760, PX761, PX762, PX763, PX764, PX765, and PX766 constitute demonstratives rather than compilations of voluminous records.  Immersion is still considering Samsung's objection, and Samsung is confident that this category of objections can be resolved by the parties.

Date: April 19, 2019　　　　　　　　　　　　　　　Respectfully submitted,

                                                                  By:   <u>/s/ Tony Nguyen</u>
                                                                        Ruffin B. Cordell
                                                                        TX Bar No. 04820550
                                                                        cordell@fr.com
                                                                        Michael J. McKeon
                                                                        DC Bar No. 459780
                                                                        mckeon@fr.com
                                                                        Indranil Mukerji
                                                                        MA Bar 644059
                                                                        mukerji@fr.com
                                                                        Stephen A. Marshall
                                                                        D.C. Bar No. 1012870
                                                                        Daniel A. Tishman
                                                                        D.C. Bar No. 1013923
                                                                        **FISH & RICHARDSON P.C.**
                                                                        1000 Maine Avenue SW
                                                                        Suite 1000
                                                                        Washington, DC 20024
                                                                        Telephone: (202) 783-5070
                                                                        Facsimile: (202) 783-2331

                                                                        Leonard E. Davis
                                                                        TX Bar No. 05521600
                                                                        ldavis@fr.com
                                                                        Tom Gorham
                                                                        TX Bar No. 24012715
                                                                        gorham@fr.com

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Frank J. Albert (*pro hac vice*)
CA Bar No. 247741
albert@fr.com
**FISH & RICHARDSON P.C.**
12390 El Camino Real
San Diego, CA 92150
Telephone: (858) 678-5070
Facsimile: (858) 378-5099

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
**FISH & RICHARDSON P.C.**
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Tel: 713-654-5300
Fax: 713-652-0109

Melissa Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934 – 8450
Facsimile: (903) 934-9257

COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.

**FILED UNDER SEAL IN ACCORDANCE WITH PROTECTIVE ORDER**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

The undersigned hereby certifies that this document is filed under seal pursuant to the Protective Order (Dkt. No. 32) filed in this matter.

*/s/ Tony Nguyen*

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on April 19, 2019, with a copy of this document via electronic mail.

*/s/ Tony Nguyen*